Shannon L. Gustafson (SBN228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN283471)
amargolies@lynberg.com
Ayako K. Peters (SBN321015
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W, Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, deceased; and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHIEIM, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: 8:25-cv-02401<br><br>*Assigned for All Purposes to:*<br>*Hon. Fred W. Slaughter*<br>*Ctrm 10D*<br>*Magistrate Judge: Autumn D. Spaeth*<br><br>**DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Proposed] Order Concurrently Lodged*<br><br>Date:       January 8, 2026<br>Time:       10 a.m.<br>Crtrm.:     10D<br><br>*Complaint filed: 09/09/2025*<br>*FAC filed:  11/19/2025* |

1
**DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OFR RECORD:**

**PLEASE TAKE NOTICE** that on January 8, 2026 at 10:00 a.m. or as soon thereafter as the matter may be heard in courtroom 10D of the above-entitled Court, located at 411 West 4th Street, Room 1053, Santa Ana, California 92701, Defendant COUNTY OF SAN BERNARDINO ("Defendant") will, and hereby does, move this Court for an order dismissing and/or striking portions of Plaintiffs' LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO's (collectively "Plaintiffs") First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. Rules 12(b)(6) as follows:

1. Plaintiffs' Third Claim for Relief for *Monell* – Inadequate Training (42 U.S.C. § 1983) against the County of San Bernardino fails to state a claim upon which relief can be granted as they plead only legal conclusions and are therefore devoid of sufficient facts. More specifically, Plaintiffs' Third Claim fails to plead sufficient facts as to how the County's training was not "proper" or "adequate," nor that this allegedly inadequate training caused other, *similar* incidents. See, Fed. R. Civ. Proc. 12(b)(6); Ashcroft v. Iqbal 556 U.S. 662, 678 (2009); City of Canton v. Harris, 489 U.S. 378, 397-398 (1989).

2. Plaintiffs' Fourth Claim for Relief for *Monell* – Unconstitutional Custom or Policy (42 U.S.C. § 1983) against the County of San Bernardino fails to state a claim upon which relief can be granted as they plead only legal conclusions and are therefore devoid of sufficient facts. More specifically, Plaintiffs' Fourth Claim fails to plead sufficient facts that a particular policy, practice or custom of the County *caused* a constitutional violation, and that other *similar* incidents have occurred. See, Fed. R. Civ. Proc. 12(b)(6); Ashcroft, supra, 556 U.S. at 678; Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).

County Defendant's Motion is based on this Notice, the Memorandum of Points and Authorities, Plaintiffs' First Amended Complaint, and upon such other and

further matters as may properly come before the Court.

Pursuant to Local Rule 7-3, Defendant served a meet and confer letter on November 12, 2025, that contained Defendant's grounds for filing this Motion and a request to continue meet and confer effort telephonically. On November 18, 2025, Plaintiffs' counsel stated their intention of filing an Amended Complaint and filed their First Amended Complaint on November 19, 2025. However, Plaintiffs' counsel failed to address Plaintiffs' Third and Fourth claims for *Monell* as we discussed thereby necessitating this Motion.

DATED: December 3, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Amy R. Margolies
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
**AYAKO K. PETERS**
Attorneys for Defendant, COUNTY OF SAN BERNARDINO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiffs Luis Delgadillo and Melissa Hernandez ("Plaintiffs") initially filed the instant lawsuit as individuals and as successors in interest to Victor Delgadillo ("Decedent") on September 9, 2025, in the Orange County Superior Court and thereafter served Defendant County of San Bernardino ("Defendant") on September 23, 2025. This case was removed by Defendant City of Anaheim to the Federal District Court for the Central District of California with consent to Defendant County of San Bernardino and Defendant State of California on October 23, 2025. Subsequently, Plaintiffs filed their First Amended Complaint ("FAC") on November 19, 2025, and the County now files its responsive pleading.

Plaintiffs' FAC alleges that on August 9, 2024, during the surveillance of Decedent by the U.S. Marshal federal task force, Decedent was shot immediately after he fell to the ground from being tased by the federal task force. (FAC ¶¶ 24-26). Plaintiffs also allege Decedent's medical care was delayed, resulting his death. (FAC ¶ 31). Plaintiffs further contend that Defendant County should be held liable under *Monell* claims for alleged failure to train its employees and for alleged unconstitutional customs, practices, and policies. However, all such theories are pled in purely conclusory fashion for the reasons indicated herein and are not sufficient to state a claim. *See*, Fed.R.Civ.P. 12(b)(6).

## II. PLAINTIFFS' *MONELL* CLAIMS MUST BE DISMISSED BECAUSE CLAIMS ARE INSUFFICIENTLY PLED

One element of Plaintiffs' *Monell* theory is that Defendant acted under color of state law. However, Plaintiffs' complaint has not been established based on any clear factual allegations, and thus Plaintiffs' *Monell* claim fails on this point alone. See, *Manual of Model Civil Jury Instructions for the Ninth Circuit*, Nos. 9.5, 9.6, and 9.7 (2017). Further, the ongoing vague and conclusory allegations as to the Third Claim for Inadequate Training and Fourth Claim for Unconstitutional Custom

**DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

or Policy require dismissal, even if Plaintiffs had pled facts sufficient to establish action under color of state law.

Plaintiffs cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). These settled pleading rules apply to "Municipal Liability" claims like Plaintiffs'. *See*, *A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced in *Iqbal* and *Twombly* "appl[y] to Monell claims and should govern future pleadings in this case"); *see also*, *Moore v. County of Orange*, 2017 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule); *Wilkey v. County of Orange*, 2017 WL 11447980 (C.D. Cal. 2017) (dismissing Monell claim with prejudice where "custom and policy" allegations amounted to "rote recitation of the elements of a Monell claim for Section 1983 liability against a municipality…"); *Davis v. City of San Jose*, 2014 WL 2859189, at *13 (N.D. Cal. 2014) (granting Rule 12 motion to dismiss Monell claims as being "entirely conclusory" and "nothing more than a simple recitation of the elements of a Monell claim).

In short, Plaintiffs' *Monell* claims fail to establish that Defendant possessed the ability to control the activities of the special task force established by the federal government, let alone any specific claims to support an unlawful policy, practice, custom, training procedures and/or ratification existed for such federal actors.

5
**DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

For the additional reasons below, Plaintiffs' Third and Fourth claims cannot survive. *See* Fed. R. Civ. P. 12(b)(6).

### A. **Plaintiffs' Third Claim for Relief, Municipal Liability for "Inadequate Training" Against the County is Deficient**

Plaintiffs' Third Claim for inadequate training asserts nothing more than conclusory allegations that Defendant County failed to train the unnamed defendant deputies with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force that caused the deprivation of their rights. (FAC ¶¶ 63-64). Plaintiffs merely plead vague and conclusory allegations that violate principles clearly established by the Supreme Court. *See*, *Ashcroft*, *supra*, 556 U.S. at 678 (Plaintiff cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.").

Completely absent from Plaintiffs' purported *Monell* "inadequate training" allegations are ***specific facts*** as to how, when, or why Defendant County's training was improper or inadequate. *See Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1168-69 (dismissing "failure to train" claim where plaintiffs provided "no facts regarding the training the officers received" and did "not explain why the training was inadequate); *Brown v. Cnty. of San Bernardino*, 2021 WL 99722, at *6 (C.D. Cal. Jan. 8, 2021) ("Plaintiff provides few if any facts explaining why that training was inadequate, nor does she sufficiently support her conclusory assertion that the . . . County acted with deliberate indifference."); *Maldonado v. County of Orange*, 2019 WL 6139937, at *2 (dismissing "failure to train" claim where "Plaintiff's conclusory allegations regarding the County's allegedly insufficient training are bereft of any factual support.").

Simply, Plaintiffs' FAC fails to state a viable *Monell* claim because it relies solely on allegations of prior, unrelated incidents without demonstrating any *actual* misconduct or a pattern of unconstitutional behavior. Plaintiffs cite eight prior use-

of-lethal-force encounters (Dkt. 15, ¶62), yet in five[1] of those cases, settlements were reached, and the court did not make any finding of wrongdoing. Without such a finding, these incidents cannot establish a pattern of misconduct or provide notice to the County of any alleged deficiencies in their training. Plaintiffs' reliance on the remaining three cases, one from 2015 one from 2016 and another from 2019, are too isolated and attenuated over nearly a decade to show a widespread or systematic failure. Conclusory allegations of "untrained officers" are insufficient to plausibly allege that any County policy or custom *caused* the alleged harm. "[T]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *City of Canton v. Harris*, 489 U.S. 378, 390-91 (citations omitted); *see Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (dismissing "failure to train" claim which is only supported "with a single incident."). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *see also,*

---

[1] Plaintiffs' FAC ¶62, refers to eight cases, five of which settlements were reached and there was no finding of County liability let alone deficient training. (1) See, ¶62(b) Plaintiffs cite to *M.A., et al. v. County of San Bernardino*, Case No.: 8:20-cv-00567-JFW-SHK yet concede this matter reached a settlement with no finding of wrongdoing; (2) See, ¶62(b)[sic] Plaintiffs cite to *Brown v. County of San Bernardino*, Case No.: 5:20-cv-01658 yet again concede this matter reached a settlement with no finding of wrongdoing; (3) See ¶62(c) Plaintiffs cite a 2014 case *Estate of Merlin Factor v. County of San Bernardino*, et al., Case No.: 5:14-cv-01289-DMG-AGR(x), but again concede this reached a settlement, no finding of wrongdoing. (4) See ¶62(d) Plaintiffs cite a 2016 case *Ranero v. County of San Bernardino*, Case No.: 5:16-cv-02655, C.D. Cal, and yet fail to provide any information as to how the case resolved, only setting forth what Plaintiffs alleged; however, neither Court nor Jury found any wrongdoing or County liability; (5) See ¶62(f) T.M. (Phillips) v. County of San Bernardino, et al., Case No.: 5:18-cv-2532-R-PLA, a 2018 case where again Plaintiffs set forth only the Plaintiff's allegations against the County and fail to provide any information as to how the case resolved; neither Court nor Jury found any wrongdoing or County liability with respect to force or training, etc. Settlements alone, without any finding of wrongdoing are insufficient to establish a pattern for *Monell* liability regarding inadequate training.

*Hyde v. City of Willcox*, 23 F.4th 863, 874-75 (9th Cir. 2022) (holding that "[w]hile deliberate indifference can be inferred from a single incident when the unconstitutional consequences of failing to train are patently obvious, an inadequate training policy itself cannot be inferred from a single incident.") (quotation marks and citation omitted); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159-60 (9th Cir. 2014) (holding that, absent pattern of sexual assaults by deputies, alleged failure to train officers not to commit sexual assault did not constitute deliberate indifference); *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (holding that practice must be "widespread" and proof of single inadequately-trained employee was insufficient); *Doughtery v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("Mere negligence in training or supervision . . . does not give rise to a *Monell* claim."); *Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 931-932 (9th Cir. 2001) ("Although inadequacy of police training may serve as the basis for municipal liability in certain circumstances, the evidence presented by [plaintiff] does not support such a claim, nor can liability be predicated on the isolated sporadic events in this case."). Accordingly, Plaintiffs' Third Claim cannot persist. See, Fed. R. Civ. Proc. 12(b)(6).

### B. **Plaintiffs' Fourth Claim for Relief, Municipal Liability for "Unconstitutional Custom or Policy" Against the County Fails**

Plaintiffs' Fourth Claim for Unconstitutional Custom or Policy is based upon a theory that there were unlawful customs, policy, and practice by setting forth an (a)-(j) list of a plethora of vague policies. (FAC ¶ 73). However, even a cursory review of the allegation shows that a specific policy is never alleged to be facially invalid nor have Plaintiffs alleged any same or similar incidents to put Defendant County on notice that its policies, practices or customs were inadequate or even applied to this federal task force. Just as discussed above, Plaintiffs cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do

not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*, *Twombly*, 550 U.S. 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Plaintiffs, however, failed to provide any support as to how their allegations constitute formal government policy and how they are so facially deficient as to qualify as deliberate indifference. *See Hyun Ju Park v. City and Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020); *Farris v. Culp*, 645 F. Supp. 3d 1058, 1072 (E.D. Wash. 2022). Specifically, Plaintiffs **never identify a single policy** from the Sheriff's Department that has been adopted that was unconstitutional. *Maldonado v. County of Orange*, 2019 WL 6139937, at *2 (C.D. Cal. 2019) (dismissing Monell claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the County's policies . . . generally empower excessive force, but 'Plaintiff[ ] fail[s] to allege any facts showing that any of these claimed policies or customs actually exist,' much less how they caused the specific use of force at issue here"); *Moore v. City of Orange*, 2017 WL 10518114, at *3-4 (C.D. Cal. 2017) (finding that "speculative list of various customs, policies, and practices that allegedly violated" constitutional rights without allegations of underlying facts "failed to meet the Monell pleading standard"); *see e.g. Lowrie v. Cnty. of Riverside*, 2021 WL 470611, at *3 (C.D. Cal. July 19, 2021) (allegations of "a policy permitting deputies to restrain individuals in a manner that would cause asphyxiation" was "conclusory, devoid of specific facts or an explanation of the content of the specific alleged policies."); *DeClue v. County of Alameda*, 2020 WL 6381356, *7 (N.D. Cal. Oct. 30, 2020) (Court found allegation that County of Alameda has a policy of using undue influence, coercion and/or duress to cause

Plaintiff to enter into agreements to be conclusory). Instead, the municipality must have a "'***deliberate*** policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered.'" *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) quoting *Galen v. County of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007).

Perhaps recognizing the weakness in their allegations, Plaintiffs spend the remainder of the allegations setting forth a list of eight lawsuits, the identical cases asserted in their Third Claim; cases against the County of San Bernardino from 2014-2020. (FAC ¶77) However, as discussed above, Plaintiffs fail to set forth any allegations setting forth how the allegations in this lawsuit are similar to their claims, or even that the alleged violations are "widespread." Plaintiffs cite eight lawsuits, five of which were settlements where no determination as to the reasonableness of force was decided. The remaining three cases were filed in 2015, 2016, and 2019 respectively, and even the 2015 *Young v. County of San Bernardino, et al.*, Case No. 5:15-cv-01102 (FAC ¶77(h) matter ultimately resulted in a dismissal with prejudice for County Defendants.

Even if all eight incidents had sufficiently similar claims, even eight cases are insufficient given the size and population of the County of San Bernardino. If anything, even more incidents are required to establish a *Monell* "custom" where, as here, the Defendant municipality is large and heavily populated. *See, e.g., Ramirez v. County of Los Angeles*, 397 F.Supp.2d 1208, 1228 (C.D. Cal. 2005) ("[T]he contention that in 13 cases, out of the tens of thousands handled by the Sheriff's Department, a defendant was found factually innocent does not prove that there was any civil rights violation in those cases, let alone prove the content of the unlawful custom, policy or practice."); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) ("Eleven incidents each ultimately offering equivocal evidence of compliance with the Fourth Amendment cannot support a pattern of illegality in one of the Nation's largest cities and police forces."); *Henderson v. City & County of San*

*Francisco*, 2006 U.S. Dist. LEXIS 87262, 28-29 (N.D. Cal. 2006) ("On plaintiffs' account, then, fewer than one-quarter of one percent of county jail inmates complain of any kind of force in a year. . .. The court agrees with defendants that instead of creating an issue of fact on the existence of a pervasive custom of excessive force, plaintiffs' proffered evidence forecloses it."); *Hamilton v. Rodgers*, 791 F.2d 439, 443 (5th Cir. 1986) (approximately twelve racial employment incidents in 30 months in Houston Fire Department insufficient to constitute pattern for purposes of civil rights laws.); *Carter v. District of Columbia*, 795 F.2d 116, 123-124 (D.C. Cir. 1986) (plaintiff produced evidence of approximately eleven prior incidents in an effort to establish municipal custom; Court enters directed verdict for city: "This catalog of disquieting events is not sufficient to demonstrate a pervasive pattern of police officer use of force, persisting in the District because of [supervisory] tacit approval. . ..");  Ramos v. City of Chicago, 707 F.Supp. 345, 347 (N.D. Ill. 1989) (***six*** prior incidents fail to make out prima facie civil rights case against large municipality)(emphasis added); *see also, Washington Mobilization Comm. v. Cullinane*, 566 F.2d 107, 122 (D.C. Cir. 1977)("The [municipal] defendants cannot be charged with the [25] aberrations of a comparative handful of individual policemen in a department consisting of 5,000 members.")

      As stated, Plaintiffs point to only eight use of force related lawsuits since 2015, at least five of which were resolved through settlement.  Plaintiffs have failed to set forth any facts that the filing of a handful of lawsuits over the years against one of the largest County's in the country, equates to any widespread custom that ***caused*** Plaintiffs' constitutional violations.  Moreover, case law is well settled that mere allegations in a lawsuit do not equate to a *Monell* violation.  In particular, "[u]nproven allegations made in other lawsuits" do not establish a jury-worthy *Monell* claim. *Hays v. City of New York,* 2017 WL 782496, at *7 (S.D.N.Y. 2017).  Even "[a]llegations of complaints about similar conduct [are] insufficient to state a claim for a widespread custom under *Monell* because 'the number of complaints filed, without more, indicates

nothing,' as 'people may file a complaint for many reasons, or for no reason at all.'" *Tieman v. City of Newburgh*, 2015 WL 1379652, at *1 (S.D.N.Y. 2015)(quoting, *Strauss v. City of Chicago*, 760 F.2d 765, 768-69 (7th Cir. 1985)) (internal alteration marks omitted); *see, Galban v. City of Fontana*, 2021 WL 1307722, at *2 (C.D. Cal. 2021)("The Court declines to construe unproven allegations in other pending cases concerning violations of unrelated civil rights as supporting an overarching City policy of indifference to the broad panoply of inhabitants' constitutional rights.")(citations omitted); *Woodhouse v. City of Mount Vernon*, 2016 WL 354896, at *7 (S.D.N.Y. 2016)("Because he presents no allegations other than the vague reference to other lawsuits, [plaintiff's] allegations fall short of establishing a facially plausible case that the City had a consistent custom of excessive force."); *Walker v. City of New York*, 2014 WL 1259618, at *3 (S.D.N.Y. 2014) (holding, where plaintiff alleged that ten similar complaints had been filed in previous ten years, that "[t]he paltry number of complaints (none resulting in an adjudication of liability), spread over a period so long in a city so large, hardly suggests the frequency or pervasiveness of the purported custom that is required to state a *Monell* claim"); *Collins v. City of New York*, 923 F.Supp. 2d 462, 479 (E.D.N.Y. 2013) (holding that a "litany of other police-misconduct cases" discussed in the plaintiff's complaint was "insufficient to make a plausible case for *Monell* liability," because the complaints "involve[d] something less (settlements without admissions of liability and unproven allegations) than evidence of misconduct"); *Washington v. Borough*, 1993 WL 273418 at *1 (E.D. Pa. 1993) ("The citation to other lawsuits and newspaper articles is insufficient to evidence that [an unconstitutional police] policy or custom exists."); *See, Galban v. City of Fontana*, 2021 WL 1307722, at *2 (C.D. Cal. 2021) (dismissing Monell claim based on a "pattern" of unconstitutional conduct supported by allegations of "eight past and pending civil rights lawsuits against the City and its police" and "a civil rights watchdog's unfavorable rating of City police…" because plaintiffs failed to "illustrate any City policy, custom, or practice pertaining to the right…" plaintiffs alleged was

violated); *see also, Brown v. Cty. of San Bernardino*, 2021 WL 99722. *5 (C.D. Cal. 2021) ("Although the FAC makes some cursory references to prior shootings… it fails to explain what happened, when, who was involved, any similarities to the facts here, or the defendants' subsequent actions. These allegations are far from sufficient to establish a widespread practice or custom"). Plaintiffs have not set forth facts that support the existence of multiple similar incidents of misconduct that caused the constitutional violation alleged here, as required to support a *Monell* claim. For all the foregoing reasons, Plaintiffs' Fourth Claim cannot persist. *See* FRCP 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion as prayed.

DATED: December 3, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Amy R. Margolies
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
**AYAKO K. PETERS**
Attorneys for Defendant, COUNTY OF SAN BERNARDINO

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the County of San Bernardino certifies that this brief contains 3,059 which:

√ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: December 3, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON
AMY R. MARGOLIES
AYAKO K. PETERS**
Attorneys for Defendant, COUNTY OF SAN BERNARDINO

**DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**