ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
DIANA ESQUIVEL
Deputy Attorney General
State Bar No. 202954
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone:  (916) 210-7320
 Facsimile:  (916) 322-8288
 E-mail:  Diana.Esquivel@doj.ca.gov
*Attorneys for Defendant State of California, by and through the California Department of Corrections and Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **LUIS DELGADILLO, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF ANAHEIM, et al.,**<br><br>Defendants. | No. 8:25-cv-02401 FWS (ADSx)<br><br>**DEFENDANT STATE OF CALIFORNIA'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Action Removed:    Oct. 23, 2025 |

Defendant State of California, by and through the California Department of Corrections and Rehabilitation (CDCR), answers the First Amended Complaint (complaint), filed on November 19, 2025 (ECF No. 15), as follows:

1. Defendant does not respond to the paragraphs labeled "Complaint for Damages" and "Introduction" on page 2, lines 1 to 12, and paragraphs 7, 8, 13 to 16, 18, 23, 37 to 108, 110, 111, 114, 115, 120, 123, 124, 128, 131, 132, 138, 139, and141 of the complaint because they do not contain allegations requiring a response or do not contain allegations relevant to this Defendant.

2. Defendant admits that this Court has original and supplemental jurisdiction over this matter as alleged in paragraph 2 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

3. Defendant admits that venue is proper in the Central District of California as alleged in paragraph 3 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 to 6, 17, 19, 21, 22, 32 to 35, 113, 118, 119, 126, 127, 129, 143, and 144 of the complaint, and on that basis, denies the allegations in these paragraphs.

5. Defendant admits that the State of California, by and through CDCR, employed the Defendants Addi Garcia, Jason Jorski, and Sylvia Ruiz as alleged in paragraph 9 of the complaint, and admits the remaining allegations in this paragraph.

6. Defendant admits that at the relevant time, Defendant Garcia was employed as a Special Agent with the CDCR Office of Correctional Safety, Southeast Fugitive Apprehension Team, as alleged in paragraph 10 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

7. Defendant admits that at the relevant time, Defendant Jorski was employed as a Special Agent with the CDCR Office of Correctional Safety, Southeast Fugitive Apprehension Team, as alleged in paragraph 11 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

8. Defendant admits that at the relevant time, Defendant Ruiz was employed as a Special Agent with the CDCR Office of Correctional Safety, Southeast Fugitive Apprehension Team, as alleged in paragraph 12 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

9. Defendant denies the allegations in paragraphs 20, 27 to 30, and 122 of the complaint.

10. Defendant admits that Defendants Garcia, Jorski, and Ruiz responded to the area of the intersection at North State College Boulevard and Via Burton in Anaheim, California as alleged in paragraph 24 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

11. Defendant admits that one or more law enforcement officer discharged their taser and decedent Victor Delgadillo (decedent) fell to the ground as alleged in paragraph 25 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

12. Defendant admits that one or more law enforcement officers, including Defendants Garcia and Jorski, discharged their firearms at decedent and that decedent was struck by gunfire as alleged in paragraph 26 of the complaint, and denies the remaining allegations in this paragraph.

13. Defendant admits that decedent sustained gunshot wounds and that he subsequently died as alleged in paragraph 31 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

14. Defendant admits that Plaintiffs presented government claims as alleged in paragraph 36 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

15. Defendant admits that at all times relevant, Defendants Garcia, Jorski, and Ruiz were employed as Special Agents for CDCR as alleged in paragraph 109 of the complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies the remaining allegations in this paragraph.

16. Defendant admits that at all times relevant, Defendants Garcia, Jorski, and Ruiz were employed as law enforcement officers and as Special Agents for CDCR and that Garcia and Jorski shot at decedent as alleged in paragraph 112 of the complaint, and denies the remaining allegations in this paragraph.

17. Defendant admits the California Government Code section 815.2(a) provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability as alleged in paragraph 116 of the complaint, and denies the remaining allegations in this paragraph.

18. Defendant denies the allegations in paragraphs 117, 121 including subparagraphs (a)-(e), 133 to 137, and 142 of the complaint as they pertain to Defendant Garcia, Jorski, and Ruiz, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in these paragraphs, and on that basis, denies the remaining allegations in these paragraphs.

19. Defendant admits the California Government Code section 815.2(a) provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to

liability as alleged in paragraph 116 of the complaint, and denies the remaining allegations in this paragraph.

20. Defendant admits that at all times relevant, Defendants Garcia, Jorski, and Ruiz were employed as Special Agents for CDCR as alleged in paragraph 130 of the complaint, and denies the remaining allegations in this paragraph.

21. Defendant admits the California Government Code section 815.2(a) provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability as alleged in paragraph 140 of the complaint, and denies the remaining allegations in this paragraph.

22. Defendant denies that Plaintiffs, individually or as successors-in-interest to decedent, are entitled to compensatory, punitive, or statutory damages or any other relief as alleged and requested in the Prayer for Relief at page 42, lines 1 to 20 of the complaint.

23. Except as expressly admitted, Defendant denies every other allegation in the complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The complaint fails to allege sufficient facts to state any cognizable claim against Defendant and fails to state a claim for punitive damages.

**Second Affirmative Defense**

Plaintiffs' and decedent's own conduct estops Plaintiffs from claiming the damages alleged in the complaint.

**Third Affirmative Defense**

The complaint and each claim asserted therein are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure section 335.1 and California Government Code section 945.6.

**Fourth Affirmative Defense**

Defendant's and any CDCR officer or agent's conduct occurred in the proper exercise of job duties and police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States or the State of California, or to do any person any other injury.

**Fifth Affirmative Defense**

Defendant and any CDCR officer or agent are entitled to immunity, qualified and official, and quasi-judicial immunity. Defendant and any CDCR officer or agent acted at all relevant times to this lawsuit in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and the laws of the United States and the State of California. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**Sixth Affirmative Defense**

Public entities are immune from suit when their employees are immune from suit. Cal. Gov't Code § 815.2.

**Seventh Affirmative Defense**

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in the public employee, whether or not such discretion is abused. Cal. Gov't Code §§ 815.2, 820.2.

**Eighth Affirmative Defense**

Plaintiffs and decedent willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities alleged in the complaint.

**Ninth Affirmative Defense**

Decedent willingly, voluntarily, and knowingly took the risk of inciting a confrontation with CDCR officers or agents and other law enforcement officers, who decedent knew to be peace officers, and thereby assumed each, every, and all the risks and hazards implicated by the events alleged in the complaint. Such conduct is a reasonably implied assumption of the risk.

**Tenth Affirmative Defense**

Any and all happenings, events, damages, and injuries, if any, were proximately caused and contributed to by the negligence of the Plaintiffs, decedent, and others, each and all of whom failed to exercise ordinary care at all times and places alleged in the complaint.

**Eleventh Affirmative Defense**

The pursuit and attempted detention or arrest of decedent, alleged in the complaint, was regular and lawful and made in good faith by a peace officer acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

**Twelfth Affirmative Defense**

Only reasonable force under the circumstances was used in the incident alleged in the complaint. There is no liability pursuant to California Penal Code sections 835 and 835a and California Government Code section 815.2. Decedent knew or should have known that a lawful pursuit, stop, detention, or arrest was being made by peace officers and had a duty to refrain from obstructing or evading the peace offices and threatening to use or using force to obstruct, evade, or resist the peace officers in the performance of their lawful duties, and was in violation of California Penal Code sections 148, 241, 243, 245, and 834a.

**Thirteenth Affirmative Defense**

There was reasonable cause to make the detention or arrest of decedent as alleged in the complaint.

**Fourteenth Affirmative Defense**

The force used, as alleged in the complaint, was privileged, necessary, and reasonable in the protection of life, to prevent escape, and to overcome resistance.

**Fifteenth Affirmative Defense**

At the time and place alleged in the complaint, the involved CDCR officers or agents were peace officers in the course and scope of their employment. At all relevant times, the involved CDCR officers or agents had reasonable cause to believe that decedent was the subject of an arrest warrant or had committed a public offense or violation of the law, and so believing, exercised the power, and discharged the duty, to effect a lawful pursuit, detention, or arrest, if any, to protect life, prevent escape, and to overcome resistance.

**Sixteenth Affirmative Defense**

At the times and places alleged in the complaint, decedent willfully and unlawfully used or threatened the use of force or violence upon the person of another, including Defendant's employees and other law enforcement officers, and caused and provoked the altercation events alleged in the complaint by unlawful and wrongful conduct. The force employed to prevent the continuance of such unlawful conduct was reasonable, justified, and not excessive.

**Seventeenth Affirmative Defense**

Based on information and belief, this action is subject to the bar under *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Eighteenth Affirmative Defense**

This action is barred by the doctrine of unclean hands.

**Nineteenth Affirmative Defense**

Plaintiffs and Decedent waived any right to relief for the claims alleged in the complaint.

**Twentieth Affirmative Defense**

Plaintiffs and Decedent failed to mitigate their injuries or damages, if any.

**Twenty-First Affirmative Defense**

Under California Government Code section 845.8, Defendant is not liable for Plaintiffs' and decedent's injuries, if any.

**Twenty-Second Affirmative Defense**

There is no liability in the acts alleged in the complaint because the acts, if any, were done in the execution and enforcement of the law while exercising due care. Cal. Gov't Code §§ 815.2, 820.4.

**Twenty-Third Affirmative Defense**

At all relevant times, the involved CDCR officers or agents acted in self-defense or defense of others. Cal. Civ. Code §§ 43, 50; Cal. Pen. Code §§ 197, 198.5, 417, 692, 835a, 836.5(b).

**Twenty-Fourth Affirmative Defense**

There is no liability for injuries, if any, caused by independent contractors and third parties. Cal. Gov't Code §§ 815.2, 815.4, 820.8.

**Twenty-Fifth Affirmative Defense**

The state-law claims are barred by the failure to precede the action with or properly exhaust a claim as required by California Government Code sections 945.4, 911.2, 905.2, and 950.2.

**Twenty-Sixth Affirmative Defense**

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the claim presented, if any, under the California Government Claim Act, the complaint fails to state a cognizable state-law cause of action and is barred by California Government Code sections 905.2, 911.2, and 950.2.

**Twenty-Seventh Affirmative Defense**

Plaintiffs failed to join necessary or indispensable parties to this action as required under Federal Rule of Civil Procedure 19. Based on information and

belief, Decedent's children, whether known or unknown to Plaintiffs, not named in the complaint are potential heirs and thus indispensable parties.

**Twenty-Eighth Affirmative Defense**

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to this action cannot be fully anticipated. Accordingly, Defendant reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

## PRAYER FOR RELIEF

Defendant prays for judgment as follows:

1. Plaintiffs take nothing by the complaint;

2. Defendant be awarded costs of suit and attorney's fees as permitted in California Government Code section 1038 and other applicable law;

3. Should any Plaintiff recover damages, the amount be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to the damages;

4. Any damages be subject to a set-off either partially or fully;

5. Under California Government Code sections 962, 984, and 985, any judgment entered be paid by periodic payments rather than in a lump sum and be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to trial;

6. Any award for past medical expenses not exceed the amount paid by any third party to Plaintiffs' medical providers as full payment for the services rendered, and to the extent Plaintiffs' or another's fault caused or contributed to a Plaintiff's injuries, any award for past medical expenses be further reduced in accordance with the provisions of California Government Code section 985;

7. Payment of any judgment rendered be subject to the provisions of California Government Code sections 965 through 965.6, including the approval of any necessary legislation authorizing such payment; and

1  8. Defendant be awarded such other and further relief as the court may deem necessary and proper.

### DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38, Defendant demands that this action be tried by a jury.

Dated: December 8, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant CDCR*

SD2025306007
39505887