LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, deceased; and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM; COUNTY OF SAN BERNARDINO; STATE OF CALIFORNIA; ADDI GARCIA; JASON JORSKI; SYLVIA RUIZ; and DOES 4-10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02401 FWS (ADSx)<br><br>*Honorable Fred W. Slaughter*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: January 8, 2026<br>Time: 10:00 a.m.<br>Crtrm: 10D |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................... 1

II.  LEGAL STANDARD ..................................................................................... 1

III.  DISCUSSION ................................................................................................. 3

    A.   Plaintiffs' Allegations Regarding County Employees Acting Under Color of State Law are Sufficient to Allege Section 1983 Claims ................................................................................................... 3

    B.   Plaintiffs' Allegations Regarding Prior Excessive Force Lawsuits are Sufficient to Allege Monell Liability ................................................. 5

    C.   Plaintiffs Have Sufficiently Pled Their Third Claim for Municipal Liability – Inadequate Training ............................................. 9

    D.   Plaintiffs Have Sufficiently Pled Their Fourth Claim for Municipal Liability – Unconstitutional Custom or Policy ................... 10

IV.  IF THE COURT FINDS BASIS TO GRANT TO DEFENDANT'S MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED ....................................................................................................... 12

V.  CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Edward D. Jones & Co., L.P.*,
    990 F.3d 692 (9th Cir. 2021) .................................................................. 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................ 1, 2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................ 2

*Blankenhorn v. City of Orange*,
    485 F.3d 463 (9th Cir. 2007) ................................................................ 10

*Brown v. County of San Bernardino*,
    2021 WL 4706709 (C.D. Cal. Aug. 18, 2021) ....................................... 8

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Systems, Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ................................................................ 2

*Caffaso, U.S. ex rel. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ................................................................ 7

*Capogrosso v. Sup. Ct.*,
    588 F.3d 180 (3rd Cir. 2009) .................................................................. 2

*Cellars v. Pac. Coast Packaging, Inc.*,
    189 F.R.D. 575 (N.D. Cal. 1999) ........................................................... 4

*City of Canton v. Harris*,
    489 U.S. 378 (1989) ............................................................................... 9

*Conley v. Gibson*,
    355 U.S. 41 (1957) ................................................................................. 2

*Davis v. Passman*,
    442 U.S. 228 (1979) ............................................................................... 2

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ................................................................................. 2

*Estate of Osuna v. Cnty. of Stanislaus*,
    392 F. Supp. 3d 1162 (E.D. Cal. 2019) ............................................ 7, 11

*Grandstaff v. City of Borger, Texas*,
    767 F.2d 161 (5th Cir. 1985) ................................................................ 11

*Guevara v. Cnty. of Los Angeles*,
    No. CV 14–08120 DDP (MANx), 2015 WL 224727 (C.D. Cal. Jan. 15, 2015)
    ................................................................................................................ 8

*Hunter v. County of Sacramento*,
    652 F.3d 1225 (9th Cir. 2011)...................................................................................7

*Ileto v. Glock, Inc.*,
    349 F.3d 1191 (9th Cir. 2003)...................................................................................2

*J.M. v. Cnty. of Stanislaus*,
    1:18-cv-01034-LJO-SAB, 2018 WL 5879725 (E.D. Cal. Nov. 7, 2018)...........8

*Johnson v. Shasta Cnty.*,
    83 F. Supp. 3d 918 (E.D. Cal. 2015)......................................................................10

*Kotlarsz v. Integrity Vehicle Servs., Inc.*,
    No. 8:24-CV-00569-FWS-JDE, 2024 WL 4800695 (C.D. Cal. Sept. 3, 2024)5

*Leatherman v. Tarrant Cnty.*,
    507 U.S. 163 (1993)...................................................................................................3

*McRorie v. Shimoda*,
    795 F.2d 780 (9th Cir. 1986)..................................................................................11

*Molsbergen v. United States*,
    757 F.2d 1016 (9th Cir. 1985)..................................................................................4

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978) ...............................................................................1, 10, 11, 12

*N. Star Int'l v. Arizona Corp. Comm'n,*
    720 F.2d 578 (9th Cir. 1983)....................................................................................2

*NeSmith v. Cnty. of San Diego*,
    15-cv-0629-JLS (JMA), 2016 WL 4729309 (S.D. Cal. Sept. 12, 2016) ...........8

*Oviatt v. Pearce*,
    954 F.2d 1470 (9th Cir. 1992).............................................................................9, 11

*Paratt v. Taylor*,
    451 U.S. 527 (1981) ...................................................................................................3

*Pembaur v. City of Cincinnati*,
    475 U.S. 469 (1986) .................................................................................................10

*Shaw v. California Dept. of Alcoholic Beverage Control*,
    788 F.2d 600 (9th Cir. 1986)..................................................................................11

*Silvas v. E*Trade Mortg. Corp.*,
    514 F.3d 1001 (9th Cir. 2008)..................................................................................2

*Spell v. McDaniel*,
    824 F.3d 1380 (4th Cir. 1987)..................................................................................7

*Sprowl v. City of Barstow*,
    2018 WL 8058374 (C.D. Cal. Dec. 10, 2018) .......................................................7

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) ............................................................................................. 3

*Thai v. Cnty. of Los Angeles*,
    127 F.4th 1254 (9th Cir. 2025) ............................................................................ 4

*Tsao v. Desert Place, Inc.*,
    698 F.3d 1128 (9th Cir. 2012) ............................................................................ 9

*United States v. Austin*,
    64 F.3d 294 (7th Cir. 1995) ................................................................................ 7

*United States v. Technic. Servs., Inc.*,
    314 F.3d 1031 (9th Cir. 2002) ............................................................................ 7

*Wright v. Cnty. of San Bernardino*,
    No. 5:24-CV-01123-JLS-JC, 2025 WL 546362 (C.D. Cal. Jan. 14, 2025) ...... 7

*Yassin v. Weyker*,
    39 F.4th 1086 (8th Cir. 2022) ............................................................................ 4

<u>Rules</u>

Fed. R. Civ. P. 8(d) ................................................................................................... 4

-iv-
PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF SAN BERNARDINO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights action arises from the officer-involved shooting death of Victor Delgadillo ("Decedent") August 9, 2024. Law enforcement officers involve in the encounter with Decedent included City of Anaheim police officers, State of California Department of Corrections and Rehabilitation special agents, County of San Bernardino agents/employees, and U.S. deputy marshals. Plaintiffs are informed and thereon believe that law enforcement officers encountered Decedent in a motel parking and as Decedent was walking backward and away from the officers, one or more officers discharged their Tasers at Decedent, causing Decedent to fall to the ground. Almost immediately after Decedent fell to the ground, one or more officers discharged their firearms at Decedent, seriously wounding and subsequently killing Decedent. Reports from the media regarding the incident conflict as to whether local law enforcement officers/agents were acting as part of a joint state-federal task force or were simply assisting U.S. deputy marshals in apprehending Decedent and Plaintiffs do not currently have any additional information regarding the incident.

Defendant County of San Bernardino now brings this Motion to Dismiss *Monell* claims from Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated in this opposition, Plaintiffs respectfully submit that they have fulfilled the pleading requirements of Federal Rule of Civil Procedure 8.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8, which "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 requires the plaintiff to make only (1) a short and plain statement of the court's jurisdiction, (2) a short and plain statement of the claim

showing that the plaintiff is entitled to relief, and (3) a demand for judgment and relief. *Davis v. Passman*, 442 U.S. 228 (1979); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Under federal notice pleading, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. In deciding whether a pleading states a plausible claim for relief, the court considers the complaint's factual allegations, "together with all reasonable inferences" from those allegations. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011); *Capogrosso v. Sup. Ct.*, 588 F.3d 180, 184 (3rd Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 662.

   Further, under federal notice pleading, courts are liberal in construing complaints in favor of plaintiffs, and allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003-04 (9th Cir. 2008). In reviewing a dismissal for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6), the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the appellant. *N. Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 580 (9th Cir. 1983). In *Conley v. Gibson*, 355 U.S. 41 (1957), the United States Supreme Court explained that dismissal for failure to state a claim should only be granted under narrow circumstances, and complaints should not be dismissed unless it appears beyond doubt that the plaintiff cannot prove any facts supporting her claim entitling her to relief. *Conley*, 355 U.S. at 45-46.

Civil rights actions are governed by the pleading requirements of Federal Rules of Civil Procedure 8. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). There is no heightened pleading requirement for civil rights cases, and the United States Supreme Court has repeatedly rejected attempts by the Courts of Appeals to impose heightened pleading requirements in civil rights cases. *Id.*, *Leatherman v. Tarrant Cnty.*, 507 U.S. 163 (1993). To assert a claim under 42 U.S.C. § 1983, a plaintiff has an obligation to put the defendants and the court on notice of what claims are raised in his or her complaint by properly alleging that she has been deprived a federal statutory or constitutional right by a person acting under color of state or local law. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

### III.　DISCUSSION

####　A.　Plaintiffs' Allegations Regarding County Employees Acting Under Color of State Law are Sufficient to Allege Section 1983 Claims

Contrary to Defendant County's arguments, Plaintiffs have sufficiently alleged facts that support the inference that County employees/agents were acting under color of state law. Indeed, Plaintiffs allege that "[t]he agents and employees for COUNTY were acting under color of law within the course and scope of their duties as agents and employees for COUNTY…" (FAC ¶ 14) and "[a]t all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino County Sheriff's Department ("SBSD") and its agents and employees and the San Bernardino District Attorney's Office ("SBDA") and its agents and employees" (FAC ¶ 8). Plaintiffs contend that these allegations are sufficient to show that Defendant County's agents/employees were acting under color of state law.

Additionally, while Plaintiffs acknowledge that there may be a question as to whether County agents/employees were acting under color of federal or state law

given information that U.S. deputy marshals were involved, the Ninth Circuit has held that the inquiry as to whether state officials with ties to a joint federal-state program operate under color of state law depends on "the totality of the circumstances," including "the source of authority under which the challenged conduct took place" and the extent to which the state was involved in authorizing or administering the program as opposed to whether the federal government was primarily responsible for managing operations. *Thai v. Cnty. of Los Angeles*, 127 F.4th 1254, 1259-60 (9th Cir. 2025). And while the color-of-law determination is a question of law, courts have recognized that such determination may be "quite fact bound," requiring certain material facts to be resolved by a jury before a court decide the legal question. *See Yassin v. Weyker*, 39 F.4th 1086, 1089–90 (8th Cir. 2022).

Because Plaintiffs have scant information regarding the underlying facts of the local law enforcement's work with the U.S. deputy marshals, Plaintiffs have pled alternative theories of liability: that local law enforcement acted under color of state law or alternatively, under color of federal law, as Plaintiffs are entitled to do under Rule 8. *See* Fed. R. Civ. P. 8(d); *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578–79 (N.D. Cal. 1999) ("A party may plead alternative theories of liability, even if those theories are inconsistent or independently sufficient."). And at the initial pleading stage, "in light of the liberal pleading policy embodied in Federal Rule of Civil Procedure 8(e), a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." *Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 700–01 (9th Cir. 2021) (cleaned up) (quoting *Molsbergen v. United States*, 757 F.2d 1016, 1019 & n.4 (9th Cir. 1985)).

Accordingly, Plaintiffs contend that they have alleged sufficient facts to show that County agents/employees acted under color of state law and any other allegations regarding County agents/employees work with the U.S. deputy marshals or actions under color of federal law cannot negate these facts to warrant dismissal

at the initial pleading stage. *See Kotlarsz v. Integrity Vehicle Servs., Inc.*, No. 8:24-CV-00569-FWS-JDE, 2024 WL 4800695, at *3 (C.D. Cal. Sept. 3, 2024) (declining to dismiss claims based on inconsistent or contradictory facts because a party may plead alternative theories of liability and inconsistent factual allegations at the initial pleading stage).

### B. Plaintiffs' Allegations Regarding Prior Excessive Force Lawsuits are Sufficient to Allege Monell Liability

In Plaintiffs' First Amended Complaint, Plaintiffs allege that the law enforcement officers "discharged their firearms at DECEDENT, striking and serious wounding DECEDENT several times" even though "DECEDENT did not pose an immediate threat of death or serious bodily injury immediately prior to or at the time of the shooting" and "did not make any verbal threats or any threatening gestures" including "never point[ing] a weapon at [law enforcement officers] or anyone else immediately prior to or at the time of the shooting." (First Amended Complaint ("FAC") ¶¶ 26, 27). Under Plaintiffs' Third and Fourth Claims for Municipal Liability, Plaintiffs allege that the County of San Bernardino has deficient training policies and unconstitutional customs and policies that are the moving force behind Decedent's injuries. Relevant to these two claims, Plaintiffs allege that the County maintains some of the following policies, practices, and customs: (1) failing to properly train sheriff's deputies so with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force; (2) using excessive force, including excessive deadly force; (3) inadequate training regarding the use of deadly force; (4) employing and retaining officer individuals whom the County knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force; (5) inadequately supervising, training, controlling, assigning, and disciplining sheriff's deputies whom the County knew or should have known had the aforementioned propensities and character traits; (6) maintaining grossly inadequate procedures for reporting, supervising, investigating,

reviewing, disciplining, and controlling misconduct by sheriff's deputies, (7) failing to adequately discipline sheriff's deputies for misconduct, including "slaps on the wrist" discipline so slight as to be out of proportion to the magnitude of the misconduct; (8) announcing unjustified shootings to be "within policy," including shootings later determined in court to be unconstitutional; (9) where shootings were later determined in court to be unconstitutional, refusing to discipline, terminate or retrain the deputies involved; (10) encouraging a "blue code of silence," "blue shield," "blue wall" or "code of silence" to not report other officers' errors, misconduct or crimes; and (11) maintaining a policy of inaction and an attitude of indifference towards the soaring number of police shootings by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people. (FAC ¶¶ 63, 73(a)-(j)).

Common in Defendant's arguments to dismiss Plaintiffs' Failure to Train claim and Unconstitutional Custom or Policy claim is the contention that the eight cases cited by Plaintiffs as examples of the County's pervasive failure to provide adequate training to its agents/employees and evidence of unconstitutional custom or policy are not sufficient to support these claims. But the cases by Plaintiffs are not "isolated incidents" as Defendant contends but rather demonstrate a pattern of similar constitutional violations by San Bernardino County Sheriff's Deputies that support Plaintiffs' Failure to Train and Unconstitutional Policy claims. Plaintiffs do not contend that there have *only* been eight cases with similar constitutional violations against County of San Bernardino Sheriff's Deputies, rather, Plaintiffs allege that the eight cited cases are "only a few examples of the continued conduct by sheriff's deputies working for the County of San Bernardino, which indicate the County of San Bernardino's failure to properly train its sheriff's deputies" (FAC ¶ 62) and "only a few examples of cases where San Bernardino County Sheriff's Department Deputies were not disciplined, reprimanded, retained, suspended, or otherwise penalized in connection with the underlying acts giving rise to [those]

lawsuits, which indicates that COUNTY…maintains a practice of allowing such behavior…" (FAC ¶ 77), with the reasonable inference that other such similar incidents have occurred. *United States v. Technic. Servs., Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002) ("The use of the phrase "such as" implies that the ensuing list is not exhaustive, but is only illustrative."); *Sprowl v. City of Barstow*, Case No. EDCV 18-1720 JGB (KKx), 2018 WL 8058374, at *4-5 (C.D. Cal. Dec. 10, 2018) (citing *Caffaso, U.S. ex rel. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011)).

Moreover, the eight listed cases resulted in jury verdicts against the deputies or settlements in favor of the plaintiff(s), which courts have generally found to be sufficient evidence to support *Monell* liability in a Rule 12(b)(6) motion. *See, e.g., See Hunter v. County of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) ("evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded" can be sufficient to support a finding of municipal policy); *Spell v. McDaniel*, 824 F.3d 1380, 1400 (4th Cir. 1987) (holding that evidence of the city's settlement of an earlier police brutality action was properly admitted to show that the city was sufficiently aware of aggressive conduct by police officers); *United States v. Austin*, 64 F.3d 294, 400 (7th Cir. 1995) (holding that evidence of a past settlement was admissible to show that defendant had notice that conduct was wrongful); *Estate of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1173-74 (E.D. Cal. 2019) (plaintiffs' citation of numerous cases in which defendants were either found liable or agreed to pay a substantial monetary sum to resolve excessive use of force claims against them was sufficient to plausibly allege the existence of an unconstitutional policy or custom); *see also Wright v. Cnty. of San Bernardino*, No. 5:24-CV-01123-JLS-JC, 2025 WL 546362, at *4, 5 (C.D. Cal. Jan. 14, 2025) (allegations of eight prior instances of use similar uses of excessive force plausibly show the existence of polices and customs and inadequate training); *Brown v. County of San Bernardino*, 2021 WL 4706709, at *4–5 (C.D.

Cal. Aug. 18, 2021) (eleven incidents involving excessive force spanning a period of 14 years was sufficient to establish a pattern or practice of excessive force); *J.M. v. Cnty. of Stanislaus*, 1:18-cv-01034-LJO-SAB, 2018 WL 5879725, at *5-6 (E.D. Cal. Nov. 7, 2018) (finding that the plaintiff's allegations of four prior specific instances involving use of excessive force showed the existence of unconstitutional policy or custom and that "[t]he fact that the alleged incidents do not include findings by a competent court that deputies used unconstitutional levels of force is not dispositive"); *NeSmith v. Cnty. of San Diego*, 15-cv-0629-JLS (JMA), 2016 WL 4729309, at *6 n.3 (S.D. Cal. Sept. 12, 2016) (rejecting argument "that prior judicial adjudicative findings…[of] constitutional violations…would be necessary to establish liability"); *Guevara v. Cnty. of Los Angeles*, No. CV 14–08120 DDP (MANx), 2015 WL 224727, at *4 (C.D. Cal. Jan. 15, 2015) (identification of other cases to show a policy, custom or practice is enough to state a claim).

   Plaintiffs' eight cited cases of excessive force show the existence of these policies and the inclusion of the underlying facts of each case show that all eight of these cases are similar in circumstance to the incident at issue in this action and thereby support Plaintiffs' allegations of the above existing unconstitutional customs and policies that are the moving force behind Plaintiffs' and Decedent's injuries. Here, Plaintiffs contend that Decedent was shot despite not posing an immediate threat of death or serious bodily injury immediately prior to or during the shooting. All eight of the cited cases involved deputies shooting subjects who did not pose an immediate threat of death or serious bodily injury at the time of the shooting.

   The case of *M.A., et al. v. County of San Bernardino, et al.*, further supports Plaintiffs' allegations that the County maintains grossly inadequate procedures for reporting, investigating and reviewing misconduct by sheriff's deputies and maintains a policy of inaction and an attitude of indifference as investigators for the County failed to adequately investigate the deputies involved in the shooting,

choosing to take the deputies' word over the forensic evidence and percipient witnesses' statements.

The case of *Archibald v. County of San Bernardino,* further supports Plaintiffs' allegations that the County failed to adequately train its deputes to not improperly escalate their interactions with subjects, failed to adequately train its deputies on the use of force and deadly force, failed to adequately supervise, train, and discipline sheriff's deputies whom the County knew or should have know to have violent propensities or character traits, announced unjustified shootings to be "within policy" that were later found to be constitutional in a court of law and subsequently failing to discipline, terminate or retrain the deputies involved. The deputy in the *Archibald* case not only unnecessarily escalated a consensual encounter, but was determined by a jury to have used excessive and unreasonable deadly force against the decedent. After the incident, the deputy was neither disciplined nor retrained and went on to shoot another unarmed man.

Accordingly, the cases listed by Plaintiffs in their Failure to Train and Unconstitutional Policy, Practice, or Custom claims are sufficient to support those claims.

C. <u>Plaintiffs Have Sufficiently Pled Their Third Claim for Municipal Liability – Inadequate Training</u>

"[A] local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "A policy of inaction or omission may be based on failure to implement procedural safeguards to prevent constitutional violations." *Tsao v. Desert Place, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). A local government's failure to train its employees "may serve as the basis for § 1983 liability…where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388. Here, Plaintiff contends that

this policy of inaction includes a failure to adequately train sheriff's deputies working for the County of San Bernardino. A plaintiff alleging a failure to train claim must show: (1) he was deprived of a constitutional right; (2) the municipality had a training policy that "amounts to deliberate indifference to the [constitutional] rights of the persons with whom [its police officers] are likely to come into contact"; and (3) his or her constitutional injury would have been avoided had the municipality properly trained those officers. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

Here, Plaintiffs have specifically alleged that the County of San Bernardino failed to train its officers detention and arrest, tactics, use of less-lethal options, and the use of deadly force, all of which resulted serious injuries to Decedent. (FAC ¶¶ 63-64). Moreover, by citing to eight prior cases of alleged excessive force and deadly force and stating that these cases are "only a few examples of continued misconduct" by County of San Bernardino sheriff's deputies, Plaintiffs have sufficiently pled that the County and its policymakers failed to implement adequate training despite being on actual or constructive notice that its training program was inadequate. Accordingly, Plaintiffs have sufficiently pled specific facts to sustain a claim for municipal liability pursuant to the County of San Bernardino's failure to train. *See Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 931-32 (E.D. Cal. 2015).

D. <u>Plaintiffs Have Sufficiently Pled Their Fourth Claim for Municipal Liability – Unconstitutional Custom or Policy</u>

Plaintiffs may establish liability under *Monell* by showing a constitutional violation caused by a policy, custom, or practice of the public entity. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A policy is a formally adopted rule, statute or guideline adopted by a public entity. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). A custom or practice are more informal in nature, and *Monell* liability may be imposed for a constitutional violation of resulting from persistent yet informal conduct of public employees. *Shaw v. California Dept. of Alcoholic*

*Beverage Control*, 788 F.2d 600 (9th Cir. 1986) (pattern of police misconduct for repeated discriminatory law enforcement acts against black bar owners). *Monell* liability may also be based on a policy of inaction that amounts to a failure to protect constitutional rights. *City of Canton*, at, 388; *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

A policy may be inferred from the conduct of a municipality after an incident when no steps are taken to reprimand or otherwise take action in response to egregious conduct. *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) (citing *Grandstaff v. City of Borger, Texas*, 767 F.2d 161, 171 (5th Cir. 1985)). The "subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy," and where there is no indication that the municipality took any action, besides attempting to avoid liability in response to dangerous conduct, it is reasonable to infer that such conduct is in accordance with a policy. *Grandstaff*, 767 F.2d at 171. The complaint need only allege "the policy or custom itself ... in general terms" as "[i]t is a rare plaintiff who will have access to the precise contours of a policy or custom prior to having engaged in discovery, and requiring a plaintiff to plead its existence in detail is likely to be no more than an exercise in educated guesswork." *Estate of Osuna*, 392 F. Supp. 3d at 1174, 1175 (citations omitted).

Here, Plaintiffs have alleged sufficiently specific facts to support a claim of unconstitutional custom or policy, including but not limited to the County employing and retaining officers that the County knew had dangerous propensities for using excessive force, inadequately supervising, training and disciplining its sheriff's deputies for their use of excessive force, maintaining grossly inadequate procedures for reporting, supervising, reviewing, and disciplining misconduct by its sheriff's deputies, finding unjustified shootings to be "within policy," including shootings that were later determined in court to be unconstitutional, maintaining a practice of inaction and indifference to the rising number of police shootings and

use of excessive force, and failing to objectively investigate complaints of excessive uses of force. (*See* FAC ¶¶ 73(a)-(j), 74(a)-(e)). Moreover, the eight cases cited by Plaintiffs in which officers engaged in similar uses of excessive force against non-threatening suspects provide further support of the County's acceptance of such conduct as discussed above. *See* supra, Section IV.A. Accordingly, these allegations are sufficient to support a *Monell* claim for unconstitutional custom or policy.

## IV. IF THE COURT FINDS BASIS TO GRANT TO DEFENDANT'S MOTION TO DISMISS, LEAVE TO AMEND SHOULD BE GRANTED

Plaintiffs contend that Plaintiffs sufficiently alleged facts to support their *Monell* claims against Defendant County. However, should the Court find the allegations to be insufficient, Plaintiffs request leave to amend their Complaint to address any deficiencies that the Court may find.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court deny Defendant County of San Bernardino's Motion to Dismiss Plaintiffs' First Amended Complaint in its entirety. Should the Court find the current allegations to be lacking, Plaintiffs respectfully request leave to amend the complaint.

DATED: December 18, 2025            LAW OFFICES OF DALE K. GALIPO


                                    By_____*/s/ Hang D. Le*_____
                                        Dale K. Galipo
                                        Hang D. Le
                                        Attorneys for Plaintiffs

## Certificate of Compliance

The undersigned, counsel of record for Plaintiffs Luis Delgadillo and Melissa Hernandez certifies that this memorandum contains 3,837 words, which complies with the 7,000 word limit of L.R. 11-6.1.

DATED: December 18, 2025          LAW OFFICES OF DALE K. GALIPO

                                  By     /s/ Hang D. Le
                                     Dale K. Galipo
                                     Hang D. Le
                                     Attorneys for Plaintiffs