1 Shannon L. Gustafson (SBN228856)
sgustafson@lynberg.com
2 Amy R. Margolies (SBN283471)
amargolies@lynberg.com
3 Ayako K. Peters (SBN321015
apeters@lynberg.com
4 **LYNBERG & WATKINS**
A Professional Corporation
5 1100 W, Town & Country Road, Suite #1450
Orange, California 92868
6 (714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, deceased; and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHIEIM, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: 8:25-cv-02401<br><br>*Assigned for All Purposes to:*<br>*Hon. Fred W. Slaughter*<br>*Ctrm 10D*<br>*Magistrate Judge: Autumn D. Spaeth*<br><br>**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:        January 8, 2026<br>Time:       10:00 A.M.<br>Dept.:       10D<br><br>*Complaint filed: 09/09/2025*<br>*FAC filed:  11/19/2025* |

**1**
**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. PRELIMINARY STATEMENT

Plaintiffs' Opposition effectively concedes that their *Monell* claims rest solely on the eight prior lawsuits referenced in the First Amended Complaint ("FAC"). Plaintiffs now attempt to retreat from their own pleading by asserting that those eight cases represent "only a few examples" of relevant incidents yet Plaintiffs may not amend their complaint through an opposition brief to avoid dismissal under Rule 12(b)(6).

Indeed, Plaintiffs devote the bulk of their Opposition to justifying the relevance of the eight cases they identify in the FAC, while offering virtually no well-pleaded factual allegations establishing a policy, custom, or practice attributable to Defendant County. Plaintiffs further admit that they have pled alternative and speculative theories of liability because "Plaintiffs have scant information regarding the underlying facts of the local law enforcement's work with the U.S. deputy marshals." (Opposition, pg. 4). That admission alone confirms that Plaintiffs filed suit without the factual foundation required to state a plausible *Monell* claim.

It is well settled that plaintiffs must come to court with facts in hand. A complaint is not a vehicle to unlock the doors of expensive and time-consuming discovery in the hope of uncovering a viable claim, yet that is precisely what Plaintiffs attempt here. As the court explained in *Davis v. City of San Jose*, 2014 WL 2859189, *10 (N.D. Cal 2014), "Rule 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.' Plaintiffs' conclusory allegations here do not suggest an entitlement to relief 'such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'") (citing *Iqbal*, 556 U.S. at 678-679 and *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

The Ninth Circuit has reiterated this principle unequivocally. In *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021), the court held: "[T]he

Supreme Court has been clear that discovery ***cannot*** cure a facially insufficient pleading… "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions…. '[I]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management….' [Citation]. Case law does not permit Plaintiff to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); pleadings must assert well-pleaded **<u>factual</u>** allegations to advance to discovery. [Citation]")(emphasis added).

Plaintiffs' Opposition does exactly what the Supreme Court and Ninth Circuit prohibit: it attempts to supplement a deficient complaint with conjecture in order to justify discovery. But an opposition brief is not a pleading, and Plaintiffs cannot cure defects in the FAC by recasting or expanding their allegations in motion papers. Because Plaintiffs have failed to allege well-pleaded facts sufficient to state a plausible *Monell* claim, dismissal under Federal Rule of Civil Procedure 12(b)(6) remains warranted, as set forth below.

## II. PLAINTIFFS' *MONELL* CLAIMS MUST BE DISMISSED BECAUSE CLAIMS ARE INSUFFICIENTLY PLED

### A. <u>Plaintiffs' Asserted Eight Prior Use-Of-Lethal Force Encounters Is Not Sufficient for Monell Liability</u>

Plaintiffs' Opposition attempts to resuscitate their *Monell* theory by invoking additional cases, none pleaded in the FAC, to argue that the eight lawsuits they identified are sufficient to establish municipal liability. (Opposition, pg. 7). This improper attempt to supplement the pleadings fails in any event because several of the cited cases are legally inapplicable and do not support Plaintiffs' theory as a matter of law.

For example, Plaintiffs rely on *Hunter v. County of Sacramento,* 652 F.3d 1225, 1233 (9th Cir. 2011), asserting that "evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded" can be

sufficient to support a finding of municipal policy. But Plaintiffs' argument collapse under the weight of the very language they quote. The operative requirement here is "***evidence*** of repeated constitutional violations" – not allegations, not unadjudicated claims, and not settlement entered without findings of liability.

As detailed in Defendants' moving papers, the overwhelming majority of the cases (five of the eight) on which Plaintiffs rely do not constitute "evidence" of constitutional violations. Rather, they are cases in which plaintiffs merely alleged violations and the matters resolved through settlement, without any judicial determination that a constitutional violation occurred. As previously explained, case law does not support the proposition that lawsuits and settlements, standing alone, constitute ***evidence*** of constitutional violations, much less evidence of a widespread municipal policy or custom. Plaintiffs' reliance on *Hunter* therefore underscores the fatal flaw in their *Monell* theory: they attempt to substitute allegations and outcomes devoid of factual findings for the evidentiary showing that *Monell* liability requires.

Further, the Ninth Circuit has specifically held that settlement agreements are inadmissible to prove the existence of an unconstitutional policy or custom required for *Monell* liability. *Green v. Baca*, 226 F.R.D. 624, 640 (C.D. Cal. 2005), order clarified, No. CV 02-204744MMMMANX, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005) ("Plaintiff argues, however, that evidence of past settlements of over-detention claims is admissible because he does not seek to offer the evidence to prove defendant's liability, but rather to prove defendant's Monell policy of over-detaining inmates. This argument does not withstand scrutiny."). Plaintiffs must prove that Defendant had an unconstitutional policy or custom that was the "moving force" behind plaintiffs' "excessive force" allegation. *Id* at 641. "Without proving this fact, plaintiff cannot establish liability. Rule 408 clearly prohibits the introduction of evidence of settlement negotiations to prove liability." *Id*. Plaintiffs relied only on the fact that these five cases reached settlement in favor of Plaintiffs to support *Monell* liability, but they cannot use settlements without findings of wrongdoing to establish

patterns of misconduct.

Further, Plaintiffs rely on three cases, one from 2015, one from 2016, and one from 2019, that resulted in jury verdicts against individual deputies. These isolated verdicts, however, are not only temporally attenuated by a decade, but also fail as a matter of law to demonstrate any widespread, persistent, or systematic practice. Plaintiffs allege no facts explaining how these cases are factually similar to the incident at issue here, nor do they identify any common policy, practice, or decision-making process that plausibly connects those matters to Plaintiffs' claims. In the absence of such allegations, Plaintiffs have not pleaded facts sufficient to establish a pattern or practice capable of supporting *Monell* liability. At most, Plaintiffs have identified a handful of disconnected incidents, which falls well short of the showing required to state a plausible claim.

B.     <u>Plaintiffs' Failure to Train Claim Is Insufficiently Pled</u>

Plaintiffs assert that "the County of San Bernardino failed to train its officers detention and arrest, tactics, use of less-lethal options, and the use of deadly force, all of which resulted serious injuries to Decedent." (Opposition, pg. 10). However, there are no facts pled as to how the training was deficient. *See Herd*, 311 F. Supp. 3d 1157, 1168-69 (dismissing "failure to train" claim where plaintiffs provided "no facts regarding the training the officers received" and did "not explain why the training was inadequate); *Brown v. Cnty. of San Bernardino*, 2021 WL 99722, at *6 (C.D. Cal. Jan. 8, 2021) ("Plaintiff provides few if any facts explaining why that training was inadequate, nor does she sufficiently support her conclusory assertion that the . . . County acted with deliberate indifference."); *Maldonado*, 2019 WL 6139937, at *2 (dismissing "failure to train" claim where "Plaintiff's conclusory allegations regarding the County's allegedly insufficient training are bereft of any factual support."). Plaintiffs attempt to argue that citing eight prior cases is sufficient to pled showing "the County and its policymakers failed to implement adequate training" (Opposition, pg. 10), but as stated previously, these cases are not sufficient

to prove a widespread or systematic failure. Simply put, Plaintiffs have **not pled a pattern of similar constitutional violations** by untrained employees that constitutes a pattern that is "widespread," instead merely relying on these eight cases. At most, Plaintiffs' allegation of misconduct of Defendant's employee or agent is a mere incident. Courts have routinely found that one incident of misconduct by an untrained officer, as alleged here, will not support a failure to train claim. *see Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (dismissing "failure to train" claim which is only supported "with a single incident."); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-485 (9th Cir. 2007) (one incident of "inadequate training" insufficient to establish *Monell* "custom").

Accordingly, because Plaintiffs rely on conclusory allegations, unpled and inapposite prior cases, and at most a single alleged incident rather than a well-pleaded pattern of similar constitutional violations, their failure-to-train claim falls far short of the standard required to state a plausible *Monell* claim and must be dismissed.

   C. <u>Plaintiffs' Unconstitutional Custom or Policy Claim Is Insufficiently Pled</u>

Plaintiffs' Opposition fails to cure the fundamental defects in their Monell claim based on an alleged unconstitutional custom or policy. Rather than pleading facts showing the existence of a municipal policy or custom, Plaintiffs merely recite a list of purported unlawful practices set forth in the relevant complaint subsections (a) through (j) without any factual explanation as to how these alleged policies exist, how they were adopted or maintained, or how they caused the alleged constitutional violation. This type of conclusory pleading is insufficient as a matter of law and does not withstand scrutiny under Rule 12(b)(6).

Courts routinely dismiss *Monell* claims premised on exactly this type of unsupported listing of alleged policies. *See Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1168 (Monell claim based on "policy and custom" dismissed where

Plaintiffs "fail[ed] to allege any facts showing that any of [the] claimed policies or customs actually exist."); *Lowrie v. Cnty. of Riverside*, 2021 WL 470611, at *3 (C.D. Cal. July 19, 2021) (allegations of "a policy permitting deputies to restrain individuals in a manner that would cause asphyxiation" was "conclusory, devoid of specific facts or an explanation of the content of the specific alleged policies."); *DeClue v. County of Alameda*, 2020 WL 6381356, *7 (N.D. Cal. Oct. 30, 2020) (Court found allegation that County of Alameda has a policy of using undue influence, coercion and/or duress to cause Plaintiff to enter into agreements to be conclusory); *Maldonado v. County of Orange*, 2019 WL 6139937, at *2 (C.D. Cal. 2019) (dismissing Monell claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the County's policies . . . generally empower excessive force, but 'Plaintiff[ ] fail[s] to allege any facts showing that any of these claimed policies or customs ***actually exist***,' much less how they caused the specific use of force at issue here")(emphasis added).

Critically, while Plaintiffs list a series of alleged unlawful policies or customs, Plaintiffs fail to provide **a single formally adopted policy** from the Sheriff's Department that is itself unconstitutional. "Absent a formal governmental policy, a plaintiff must show a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" *Farris v. Culp*, 645 F. Supp. 3d at 1072 quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Plaintiffs attempt to satisfy this requirement by pointing to the same eight lawsuits referenced in their Third Claim. But, as discussed previously, Plaintiffs plead no facts demonstrating how those cases are factually similar to this matter, involve comparable conduct, or reflect a persistent and widespread practice. Plaintiffs do not allege similar tactics, circumstances, decision-makers, or temporal proximity, nor do they allege facts showing that any alleged misconduct was so common and well-settled as to constitute the County's standard operating procedure. Absent such allegations, Plaintiffs fail to plead the existence of a "longstanding practice or custom" as required

under *Monell*.

Plaintiffs' claim also fails because *Monell* liability requires a showing that the municipality maintained a "'***deliberate*** policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered.'" *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) quoting *Galen v. County of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007). Plaintiffs attempt to satisfy this requirement through a ratification theory, alleging that Defendant ratified the conduct described in subsections (a) through (e) of paragraph 74 of the FAC. This theory also fails.

Ratification liability may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Lopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). This occurs when the official policymaker involved has adopted and expressly approved of the acts of others who caused the constitutional violation. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). There must be evidence that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). Plaintiffs allege no such facts. They do not identify a final policymaker, do not allege any express approval of the conduct at issue, and do not allege facts demonstrating deliberate endorsement or even constructive notice. Plaintiffs' ratification theory is therefore wholly conclusory and insufficient as a matter of law.

In sum, Plaintiffs have failed to plead facts showing the existence of an unconstitutional policy, a longstanding and widespread custom, or ratification by a final policymaker. Instead, they rely on conclusory allegations, disconnected prior lawsuits, and speculative theories that do not satisfy Monell's stringent requirements. Accordingly, Plaintiffs' unconstitutional custom or policy claim fails under Rule 12(b)(6) and should be dismissed.

///

///

### III. PLAINTIFFS' ALLEGATIONS REGARDING COUNTY EMPLOYEES ACTING UNDER COLOR OF STATE LAW ARE NOT SUFFICIENT TO ALLEGE SECTION 1983 CLAIMS

Plaintiffs contend in their Opposition that allegations Plaintiffs alleged are sufficient to show that Defendant County's agents/employees were acting under color of state law based. (Opposition, pg. 3). What Plaintiffs alleged in the FAC is County's employees/agents were acting under color of state law simply because they were agents and acted within the scope of their duties. (FAC ¶¶ 8 and 14). However, Plaintiffs' allegations regarding color of law are purely conclusory. The court in *Bros. v. Monaco*, dismissed claims where the complaint contained only a "cursory allegation" that individual county prosecutors and officers "acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices and/or usages" of the county, finding this did not plausibly allege a claim. 363 F. Supp. 3d 1138, 1151 (D. Mont. 2019)("Brothers has not plausibly alleged facts giving rise to potential *Monell* liability. Rather, in the Complaint, he cursorily asserts that the individual prosecutors and officers "acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices and/or usages of Ravalli County." (Doc. 13 at 11.) He alleges no specific facts regarding what those policies and practices are. Instead, he essentially recites the legal requirements for a *Monell* claim and states that they are met…"). As discussed previously, the eight lawsuits asserted in the FAC are based solely on the fact that Plaintiffs cannot assert any specific facts demonstrating that the single policy adopted by the Sheriff's Office is unconstitutional. The boilerplate language asserted by Plaintiffs is an imitation of statutory text without factual support and is insufficient.

///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's moving papers, Plaintiff's Third and Fourth Claims should be dismissed.

DATED: December 24, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Amy R. Margolies
**SHANNON L. GUSTAFSON
AMY R. MARGOLIES
AYAKO K. PETERS**
Attorneys for Defendant, COUNTY OF SAN BERNARDINO

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant County of San Bernardino certifies that this brief contains 2,547 words which:

X complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED:  December 24, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Amy R. Margolies
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
**AYAKO K. PETERS**
Attorneys for Defendant, COUNTY OF SAN BERNARDINO

**DEFENDANT COUNTY OF SAN BERNARDINO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**