**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, deceased; and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHEIM; COUNTY OF SAN BERNARDINO; STATE OF CALIFORNIA; ADDI GARCIA; JASON JORSKI; SYLVIA RUIZ; and DOES 4-10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02401-FWS-ADS<br><br>*Hon. Fred W. Slaughter*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:   January 29, 2026<br>Time:   9:00 a.m.<br>Crtrm:  10 |

# 1. STATEMENT OF THE CASE

## A. Plaintiffs' Statement

This civil rights case arises out of the officer-involved shooting death of Victor Delgadillo ("Decedent") on August 9, 2024. Law enforcement officers and agents involved in the encounter with Decedent included City of Anaheim police officers, State of California Department of Corrections and Rehabilitation (CDCR) special agents, County of San Bernardino agents/employees, and U.S. deputy marshals. Plaintiffs are informed and thereon believe that law enforcement officers and agents encountered Decedent in a motel parking and as Decedent was walking backward and away from the officers, one or more officers/agents discharged their Tasers at Decedent, causing Decedent to fall to the ground. Almost immediately after Decedent fell to the ground, one or more officers/agents discharged their firearms at Decedent, seriously wounding and subsequently killing Decedent. Plaintiffs are informed of and thereon believe that Decedent did not pose an immediate threat of death or serious bodily injury at the time of the officers/agents' use of deadly force. Reports from the media regarding the incident conflict as to whether local law enforcement officers/agents were acting as part of a joint state-federal task force or were simply assisting U.S. deputy marshals in apprehending Decedent.

## B. Defendants' Statement

On August 9, 2024, a U.S. Marshal Service-led federal task force was conducting surveillance of, and attempted to apprehend, Victor Delgadillo, a suspect wanted for an out-of-state murder. Members of the task force located Delgadillo and, because they were operating within the City of Anaheim, requested assistance from the Anaheim Police Department ("APD"). A single APD officer responded to the scene, and, together with task force members, including Defendants CDCR Special Agents Garcia, Jorski, and Ruiz, made contact with Delgadillo, who ignored law enforcement commands. Law enforcement deployed less lethal force in an effort to apprehend Delgadillo. During this encounter, Delgadillo drew a firearm. Several of

the task force members and officers discharged their weapons in response, striking Delgadillo, who sustained multiple gunshot wounds. Delgadillo's firearm was recovered on the ground next to Delgadillo's hip. Emergency medical aid was promptly summoned and responded to the scene. APD and several of the task force members provided medical aid while the Anaheim Fire Department was en route. Delgadillo was taken to UCI for medical attention, where he later died from his injuries.

## 2. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## 3. LEGAL ISSUES

1. Whether some or all of the law enforcement personnel were acting under color of federal or state law at the time of the incident, and the legal effect of that determination on the claims asserted.
2. Whether Decedent's Fourth Amendment rights against excessive force, including the use of deadly force, were violated following the use of force by the involved law enforcement personnel;
3. Whether Decedent's Fourth Amendment rights against denial of medical care were violated following the use of force by the involved law enforcement personnel;
4. Whether Plaintiffs' Fourteenth Amendment rights against unlawful interference with familial relations, were violated when the involved law enforcement personnel used deadly force against Decedent;

5. Whether County of San Bernardino and City of Anaheim may be held liable under the Fourth Amendment for Decedent's injuries due to ratification, inadequate training, and unconstitutional custom, practices, and policies;

6. Whether the involved law enforcement personnel were negligent in their conduct toward Decedent and whether any such conduct was a legal cause of Decedent's harm or death; and

7. Damages.

## 4. DAMAGES

Plaintiffs are unable to provide a realistic range of probable compensatory damages at this time but expect that these damages will be determined as discovery progresses. Plaintiffs also expect to pursue punitive damages and attorney fees in amounts to be later determined.

Defendants deny Decedent and/or Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendants, and further denies that Decedent and/or Plaintiff are entitled to any recovery.

## 5. PARTIES AND EVIDENCE

### A. Parties and Witnesses

The parties identify the following parties and witnesses for the main issues that are currently known or anticipated to be known to the parties: (1) Plaintiffs Melissa Hernandez and Luis Delgadillo; (2) City of Anaheim, involved/responding City of Anaheim police officers; (3) County of San Bernardino and involved/responding County of San Bernardino agents; (4) Defendant State of California, by and through CDCR, and CDCR Special Agents Addi Garcia, Jason Jorski, and Sylvia Ruiz; (5) U.S. Marshal task force members, including but not limited to Byron Branch, Brandon Koontz, and Alberto Landazari, who were involved in the incident or had knowledge of Decedent's status as a fugitive; and (6) percipient witnesses.

**B. Documents**

Police reports and investigation of the incident; video and/or audio recordings of the incident; photographs at the scene of the incident; autopsy report of Decedent; statements made by involved officers/agents (recorded or transcribed), statements made by witnesses to the incident, relevant policies, procedures, and customs of Defendant entities, and documents supporting damages.

**6.     INSURANCE**

City of Anaheim is self-insured pursuant to statute, with excess coverage.

County of San Bernardino is insured pursuant to Government Code § 990 et. seq.

State of California is self-insured.

**7.     MANUAL FOR COMPLEX LITIGATION**

The parties agree that this is not a complex case and therefore is not subject to the Manual for Complex Litigation.

**8.     MOTIONS**

Plaintiffs currently intend to file a motion to seek leave to amend the complaint to name the individual involved officers/agents from the County of San Bernardino, City of Anaheim, and the U.S. Marshals as soon as their identities are discovered through the discovery process.

The parties anticipate filing discovery motions if needed.

County and State Defendants anticipate that motion practice may be appropriate regarding whether some or all of the involved law enforcement personnel were acting under color of federal law rather than state law, and the resulting legal effect on the claims asserted.

**9.     DISPOSITIVE MOTIONS**

Plaintiffs do not currently anticipate on filing any dispositive motions but reserve the right to do so.

Defendants anticipate filing a Motion for Summary Judgment/Adjudication at the close of discovery, if appropriate. The parties propose a Motion Filing Deadline (except *Daubert* and all other Motions in Limine) of **April 22, 2027** for summary-judgment motions, with **June 3, 2027** as the last day to hear said motions.

**10.   STATUS OF DISCOVERY**

Discovery has not begun. The parties will exchange initial disclosures on **January 26, 2026**.

**11.   DISCOVERY PLAN**

Plaintiffs anticipate on taking the deposition upon oral examination of the involved officers and/or agents, any additional officers/agents who responded to the scene after the incident, the officers/agents' supervisors, medical personnel, and percipient witnesses. The majority of the involved officers/agents, supervisors, medical personnel, and percipient witnesses have not yet been identified. At this time, it is Plaintiffs' understanding that there were at least 6-7 officers/agents involved in the use of force incident. Accordingly, Plaintiffs may need to move for leave from the Court to exceed the allotted 10 depositions per side under Rule 30(a)(2) of the Federal Rules of Civil Procedure if additional officers/agents and percipient witness depositions are needed.

Plaintiffs anticipate on serving written interrogatories, requests for admission, and requests for production of documents on the issues of liability for unreasonable detention and arrest, excessive and unreasonable force, and related municipal liability claims.

Defendants will take the deposition of Plaintiffs and any other key witnesses identified by Plaintiffs during discovery. Defendants reserve the right to object to any request by Plaintiff to increase the allotted number of depositions.

Defendants also expect to propound written interrogatories, requests for admissions, and request for production of documents regarding the claims and defenses in this matter.

The parties anticipate that there may be out-of-state discovery in this case, including the depositions of Plaintiffs who currently reside in Iowa. Additionally, the parties anticipate that issues may arise with regards to the involvement of the U.S. Marshals and the federal government.

Additionally, the parties are informed of and thereon believe that the investigation into this incident by the Orange County District Attorney's Office is still pending. Defendants anticipate objecting to the taking of the deposition of any of the involved officers/agents until the DA's investigation is finalized. Should the DA's investigation exceed the discovery schedule proposed by the parties in this Report, the parties anticipate the need to request a continuance of the discovery dates and deadlines and/or Court review and resolution of the issue of officer depositions during the pendency of the DA's investigation.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties further do not propose that the Court issue any other orders under Federal Rules of Civil Procedure 16(b), 16(c), or 26(c).

The parties propose a Fact Discovery Cut-Off date of **February 25, 2027**.

**12. EXPERT DISCOVERY**

The parties propose an Initial Expert Disclosure date of **March 4, 2027**, a Rebuttal Expert Exchange date of **March 18, 2027**, and an Expert Discovery Cut-Off date of **April 1, 2027**.

**13. SETTLEMENT/ADR PROCEDURE SELECTION**

The parties have not discussed settlement and wish to conduct further discovery before addressing the possibility of settlement. The parties propose a settlement conference deadline of **June 17, 2027**.

The parties elect to proceed with ADR Procedure No. 2.

## 14. TRIAL ESTIMATE

All parties have requested a jury trial. The parties propose a Final Pretrial Conference date of **August 26, 2027** and a Trial date of **September 21, 2027**. The parties estimate that the trial will take approximately 6-8 court days. The parties anticipate that trial in this matter will exceed four (4) court days due to the number of involved officers/agents in the use of force incident, potential out-of-state witnesses, and the coordination with the federal government and its agencies.

Plaintiffs expect to call the involved-officers/agents, percipient witnesses, plaintiffs, and plaintiffs' experts. Plaintiffs currently do not know the number of involved officers/agents and thus cannot give a specific number of witnesses Plaintiffs expect to call at trial. Plaintiffs estimate that Plaintiff will call approximately 10 to 14 witnesses at trial.

Defendants anticipate calling additional involved officers/agents to testify, but do not currently know the number of such witnesses from the various named and unnamed public entities. It is anticipated each Defendant will have at least two additional experts and may elect to call additional witnesses depending on who Plaintiffs call in their case in chief.

## 15. TRIAL COUNSEL

Plaintiffs: Dale K. Galipo (lead) and Hang D. Le

City Defendant: Gregg M. Audet and Anita K. Clarke

County Defendant: Shannon L. Gustafson and Amy R. Margolies

State Defendants: Diana Esquivel, Office of the Attorney General for the State of California

## 16. MAGISTRATE JUDGE

The parties decline to consent to the designation of a Magistrate Judge to conduct all proceedings under 28 U.S.C. § 636.

**17. <u>INDEPENDENT MASTER</u>**

The parties agree that this case does not require the appointment of a master or independent scientific expert.

**18. <u>SCHEDULE WORKSHEET</u>**

A completed Schedule of Pretrial and Trial Dates form is attached hereto as Exhibit "A."

**19. <u>OTHER ISSUES</u>**

As stated above, the parties anticipate there may be issues regarding out-of-state discovery as well as the involvement of the federal government and its agents. The parties further anticipate that issues may arise out of the pending Orange County District Court's investigation of this incident.

A proposed protective order maintaining the confidentiality of documents is being prepared by the parties.

Should Plaintiffs name one or more individual County personnel or City police officer, the City and/or County may move to bifurcate punitive damages before trial. State Defendants will move to bifurcate punitive damage should any State Defendant be found liable and to have acted with malice, oppression, or reckless disregard.

DATED: January 15, 2026     LAW OFFICES OF DALE K. GALIPO

By _____*/s/ Hang D. Le*_____
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs
MELISSA HERNANDEZ AND LUIS DELGADILLO

| | | |
|---|---|---|
| DATED: January 15, 2026 | | ROBERT FABELA, CITY ATTORNEY |

By _____/s/ Anita K. Clarke*_____
Anita K. Clarke
Gregg M. Audet
Attorneys for Defendant
CITY OF ANAHEIM

DATED: January 15, 2026                LYNBERG & WATKINS

By _____/s/ Amy R. Margolies*_____
Shannon L. Gustafson
Amy R. Margolies
Attorneys for Defendant
COUNTY OF SAN BERNARDINO

DATED: January 15, 2026                ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

By _____/s/ Diana Esquivel*_____
Diana Esquivel
Deputy Attorney General
*Attorneys for Defendants State of Cal., by and through CDCR*

*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.