Shannon L. Gustafson (SBN228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN283471)
amargolies@lynberg.com
Ayako W. Peters (SBN321015)
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W, Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, deceased; and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANAHIEM, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: 8:25-cv-02401<br><br>*Assigned for All Purposes to:*<br>*Hon. Fred W. Slaughter*<br>*Ctrm 10D*<br>*Magistrate Judge: Autumn D. Spaeth*<br><br>**DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY DEMAND**<br><br>*Complaint filed: 09/09/2025*<br>*FAC filed: 11/19/2025* |

**DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**COMES NOW**, Defendant COUNTY OF SAN BERNARDINO (hereinafter "County") in answering Plaintiffs LUIS DELGADILLO and MELISSA HERNANDEZ, individually and as successors in interest to VICTOR DELGADILLO (hereinafter "Plaintiffs") First Amended Complaint ("FAC") on file herein, for themselves alone and for no other Defendant, admit, deny, and allege as follows:

1.    In answering paragraph 1, County admits Plaintiffs brought this lawsuit seeking compensatory and punitive damages from Defendants for alleged constitutional violations involving an officer-involved shooting but denies there were any constitutional violations committed by County and denies Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of County or that any party involved was acting under color of law in the course and scope of their employment with Defendant County.

2.    In answering paragraphs 2 and 3, County admits Plaintiffs have stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. County denies the remainder of these paragraphs.

3.    In answering paragraphs 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 31, 32, 33, 34, 36, 57, County does not have sufficient information or belief to enable them to answer said paragraphs at this time, further the Doe Defendants have not been named, and on that basis, County denies each and every allegation contained therein, including that any Doe defendants were acting under color of law within the course and scope of their duties as agents and employees for Defendant County or that any conduct was ratified or consented to by Defendant County.

4.    In answering paragraph 8, County admits that the County of San Bernardino is a municipal corporation in the State of California and that the San Bernardino County Sheriff's Department ("SBSD") is a department within the County

of San Bernardino. County denies the remainder of this paragraph and further denies that any Doe defendants were acting under color of law within the course and scope of their duties as agents and employees for Defendant County or that any conduct was ratified or consented to by Defendant County.

5.     In answering paragraph 35, County admits on or about February 4, 2025, that it received the tort claims submitted by Plaintiffs and denies the remainder of the paragraph.

6.     In answering paragraphs 25, 26, 27, 28, 29, 30, 59, 62, 63, 64, 65, 66, 67, 68, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 109, 111, 112, 113, 117, 118, 119, 121, 122, 126, 127, 132, 133, 134, 135, 136, 137, 142, 143, and 144,  County denies generally and specifically each and every allegation contained therein.

7.     In answering paragraphs 57 and 70, County denies generally and specifically each and every allegation on the grounds that County employees acted under color of federal law rather than state law, and on that basis, County is not responsible for their actions.

8.     In answering paragraphs 115, 124, and 139, County denies generally and specifically each and every allegation on the grounds that County employees acted under color of federal law rather than state law, and on that basis, County is not vicariously liable for their actions.

9.     In answering paragraph 141, County denies generally and specifically each and every allegation on the grounds that County employees acted under color of federal law rather than state law, and on that basis, County is not liable under the doctrine of *respondeat superior*.

10.     In answering paragraphs 60, 61, 110, 114, 116, 123, 125, 130, 131, 138, and 140, County does not have sufficient information or belief to enable it to respond to the allegations, certain allegations are not alleged against County, and the Doe Defendants have not been named.

11.     County provides no response to paragraphs 38, 39, 40, 41, 42, 43, 44, 45,

**DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

and 46, as Plaintiffs' First Claim for Relief is not asserted against it and the Doe Defendants have not been named.

12.    County provides no response to paragraphs 48, 49, 50, 51, 52, 53, 54, and 55, as Plaintiffs' Second Claim for Relief is not asserted against it and the Doe Defendants have not been named.

13.    County provides no response to paragraphs 83, 84, 85, 86, 87, 88, and 89, as Plaintiffs' Fifth Claim for Relief is not asserted against it and the Doe Defendants have not been named.

14.    County provides no response to paragraphs 91, 92, 93, 94, 95, 96, 97, 98, and 99, as Plaintiffs' Sixth Claim for Relief is not asserted against it and the Doe Defendants have not been named.

15.    County provides no response to paragraphs 101, 102, 103, 104, 105, 106, and 107, as Plaintiffs' Seventh Claim for Relief is not asserted against it and the Doe Defendants have not been named.

16.    Paragraph 129 does not set forth any factual content for County to respond to as it simply explains California *Civil Code* § 52.1 (the Bane Act).

17.    In answering paragraphs 23, 37, 47, 56, 69, 82, 90, 100, 108, 120, and 128 County reiterates and incorporates by reference its answers to those paragraphs previously contained in this answer.

18.    As to Plaintiff's "Prayer for Relief," County denies Plaintiff was injured or damaged in any amount or sum, or at all, by reason of any act or omission of County, and further deny that Plaintiff is entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

19.    Plaintiffs' FAC, and each alleged cause of action in it, fails to state a claim upon which relief can be granted. Plaintiffs' FAC also fails to state a claim against the answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

20.    Assuming the Court determines any County employee was acting under color of state law and in the course and scope of their employment with the County of which County presently denies, Defendant County maintains that at all times relevant to this litigation, the answering Defendant acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California. At all times pertinent to this action, the actions of the County of San Bernardino and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

**THIRD AFFIRMATIVE DEFENSE**

21.    Any injury or damages suffered by Plaintiffs and/or Decedent were caused solely by reason of their own wrongful acts and conduct, and/or the acts and/or conduct of Plaintiffs and/or Decedent, and not by reason of any unlawful act or omission of the answering Defendant.  Moreover, Plaintiffs failed to act in compliance with the mandates of the California <u>Penal Code</u>, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiffs and/or Decedent in Plaintiffs' FAC.

**FOURTH AFFIRMATIVE DEFENSE**

22.    Plaintiffs and/or Decedent willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the FAC. County is not liable for injury or damages, if any there were, because Plaintiff and/or Decedent were aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiffs and/or Decedent herein, therefore barring Plaintiffs, in any capacity, and/or Decedent from recovering, any relief from the answering Defendant.

DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

23.    Any injury to Decedent was due to and caused by his own negligence and failure to act with reasonable care, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to Decedent. Any damages awarded in this action should therefore be in direct proportion, if any, as provided by California Civil Code §§1431 to 1431.5.

## SIXTH AFFIRMATIVE DEFENSE

24.    By the exercise of reasonable effort, Plaintiffs and/or Decedent could have mitigated the amount of damages, if any there were, but Plaintiff and/or Decedent failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiff is barred from seeking recovery of those damages.

## SEVENTH AFFIRMATIVE DEFENSE

25.    The present action is not brought or maintained in good faith, and Defendant consequently prays for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

## EIGHTH AFFIRMATIVE DEFENSE

26.    This answering Defendant has never taken any action with a conscious disregard of Decedent's rights, and have not engaged in any conduct with respect to Decedent which would constitute deliberate or intentional conduct, nor has this answering Defendant ratified or approved any such act or acts of others.

## NINTH AFFIRMATIVE DEFENSE

27.    Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

## TENTH AFFIRMATIVE DEFENSE

28.    Defendant's actions herein were all pursuant to legitimate penal interests.

**DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

### ELEVENTH AFFIRMATIVE DEFENSE

29.    The force used on Decedent, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

### TWELVETH AFFIRMATIVE DEFENSE

30.    County alleges that Plaintiffs' claims fail to allege a constitutional or statutory violation.

### THIRTEENTH AFFIRMATIVE DEFENSE

31.    Plaintiffs' claims are barred by res judicata and/or collateral estoppel principles.

### FOURTEENTH AFFIRMATIVE DEFENSE

32.    The force used on Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist their law enforcement efforts by reason of Decedent's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Decedent's detention and/or arrest, or to prevent Decedent escape or to overcome his resistance.

### FIFTEENTH AFFIRMATIVE DEFENSE

33.    Defendant alleges that Plaintiffs received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' claims are barred by the qualified immunity doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

35.    County alleges that none of the claims or causes of action of Plaintiffs' FAC state facts sufficient to constitute a claim against the answering Defendant for punitive or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

36.     The answering Defendant acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiffs and/or Decedent, or any duties owed to Plaintiffs and/or Decedent.

## NINTEENTH AFFIRMATIVE DEFENSE

37.     All events in connection with the incident alleged in Plaintiffs' FAC and any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiffs and/or Decedent, in that he failed to exercise ordinary care for his own safety under the circumstances, thereby barring any recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

38.     County may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate nor were any of its employees acting under color of state law at the time of this incident or within their scope of employment for the County.  Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 645-646 (9th Cir. 1991); cf. City of Canton v. Harris, 489 U.S. 378, 388-389 (1989); City of Los Angeles v. Heller, 475 U.S. 796 (1986).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

39.     Pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982), County is immune from liability pursuant to the Federal Civil Rights Act where said the answering Defendant acted in good faith and entertained an honest and reasonable belief that the answering Defendant's actions were necessary.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

40.     Plaintiffs' claims are barred by sovereign immunity and/or the federal Eleventh Amendment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

41.     County alleges that Plaintiffs' claims are barred by the provision of

**DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

California Government Code §§ 815 and 815.2.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

42.     County alleges that Plaintiffs' claims are barred by the provision of California Government Code §815.6.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

43.     County alleges that Plaintiffs' claims are barred by the provision of California Government Code §818.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

44.     County alleges that Plaintiffs' claims are barred by the provision of California Government Code §818.2.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

45.     County alleges that Plaintiffs' claims are barred by the provision of California Government Code §818.8.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

46.     County alleges that Plaintiffs' claims are barred by the provision of California Government Code §820.2.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

47.     County alleges that Plaintiffs' claims are barred by the provision of California Government Code §820.4.

## THIRTIETH AFFIRMATIVE DEFENSE

48.     County alleges that Plaintiffs' claims are barred by the provision of California Government Code §820.6.

## THIRTY- FIRST AFFIRMATIVE DEFENSE

49.     County alleges that Plaintiffs' claims are barred by the provision of California Government Code §820.8.

## THIRTY- SECOND AFFIRMATIVE DEFENSE

50.     County alleges that Plaintiffs' claims are barred by the provision of California Government Code §821.

**DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

## THIRTY- THIRD AFFIRMATIVE DEFENSE

51.    County alleges that Plaintiffs' claims are barred by the provision of California Government Code §821.6.

## THIRTY- FOURTH AFFIRMATIVE DEFENSE

52.    County alleges that Plaintiffs' claims are barred by the provision of California Government Code §821.8.

## THIRTY- FIFTH AFFIRMATIVE DEFENSE

53.    County alleges that Plaintiffs' claims are barred by the provision of California Government Code §822.2.

## THIRTY- SIXTH AFFIRMATIVE DEFENSE

54.    County alleges that Plaintiffs' claims are barred by the provision of California Government Code §845.

## THIRTY- SEVENTH AFFIRMATIVE DEFENSE

55.    County alleges that Plaintiffs' claims are barred by the provision of California Government Code §845.8.

## THIRTY- EIGHTH AFFIRMATIVE DEFENSE

56.    County alleges that Plaintiffs' claims are barred by the provision of California Government Code §846.

## THIRTY- NINTH AFFIRMATIVE DEFENSE

57.    County alleges that Plaintiffs' claims are barred by the provision of California Government Code §855.6.

## FORTIETH AFFIRMATIVE DEFENSE

58.    County alleges that Plaintiffs' claims are barred by the provision of California Government Code §855.8.

## FORTY-FIRST AFFIRMATIVE DEFENSE

59.    The force, if any, used on Decedent was only that amount of force justified pursuant to California Civil Code § 50 and/or California Penal Code § 835a.

1

## FORTY-SECOND AFFIRMATIVE DEFENSE

2   60.    County alleges that Plaintiffs' claims are barred by the provisions of

3   California Penal Code §§834, 834a and 835.

4

## FORTY-THIRD AFFIRMATIVE DEFENSE

5   61.    County alleges that Plaintiffs' claims are barred by the provisions of

6   California Penal Code §835a.

7

## FORTY-FOURTH AFFIRMATIVE DEFENSE

8   62.    County alleges that Plaintiffs' claims are barred by the provisions of

9   California Penal Code §836 and 836.5.

10

## FORTY-FIFTH AFFIRMATIVE DEFENSE

11   63.    This action is barred by the pertinent statute of limitations, including but

12   not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338(c),

13   340, 342, 343, and California Government Code § 945.6 and/or 950.2.

14

## FORTY-SIXTH AFFIRMATIVE DEFENSE

15   64.    County alleges that that Plaintiffs' claims are barred by the provisions of

16   California Government Code §§ 911.2, 945.4, and 945.6. Specifically, Plaintiffs'

17   governmental claim form, if any, and/or Complaint are untimely and/or the allegations

18   contained therein vary from those now asserted in the FAC.

19

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

20   65.    Plaintiffs' claims are barred by California Penal Code §197.

21

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

22   66.    Plaintiffs' claims are barred by the provisions of California Code Civil

23   Procedure §§ 377 et seq., including but not limited to, 377.10, 377.11, 377.30, 377.31,

24   377.32, 377.33, 377.34, 377.35, 377.60, 377.61, and 377.62.

25

## FORTY-NINTH AFFIRMATIVE DEFENSE

26   67.    At the time of the incident referred to in Plaintiffs' FAC, Plaintiffs and/or

27   Decedent and/or third parties were negligent or at fault and failed to use that degree

28   of care and caution which a reasonably prudent person would have used under the

11

**DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT**

same or similar circumstances; that Plaintiffs and/or Decedent's negligence or fault must be compared with the negligence or fault of this Plaintiff and/or Decedent, as well as that of any other persons and parties; and that any award to Plaintiffs must be reduced by the amount that Plaintiff and/or Decedent' negligence and/or third parties and/or other persons fault contributed to Plaintiff and/or Decedent injuries and damages.

### FIFTIETH AFFIRMATIVE DEFENSE

68.    Defendant owed no duty of care to Plaintiffs.  See, Zelig v. County of Los Angeles, 27 Cal.4th 1112, 1131 (2002); see also, Herd v. County of San Bernardino, 311 F.Supp.3d 1157, 1171 (C.D. Cal. 2018); de Villers v. County of San Diego, 156 Cal.App.4th 238, 249-253 (2007).

### FIFTY-FIRST AFFIRMATIVE DEFENSE

69.    Assuming the Court determines any County employee was acting under color of state law and in the course and scope of their employment with the County of which County presently denies, neither the public entity nor any employee within the scope of employment stood in such a special relationship to any person alleged in the complaint so as to give rise to any duty running to any person.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

70.    Plaintiffs' suit is barred by the doctrine of unclean hands.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

71.    Any injury to Plaintiffs and/or Decedent was due to and caused by Plaintiff's and/or Decedent's own negligence and failure to act with reasonable care, which a reasonably prudent person would have used under the same or similar circumstances. Plaintiffs' and/or Decedent's carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiffs and/or Decedent. Any damages awarded in this action should therefore be in direct proportion to the fault of the answering Defendant, if any, as well as that of any other co-defendant, person, and parties, and any award to Plaintiffs must be reduced by the amount of Plaintiffs'

and/or Decedent's negligence or fault as provided by California Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

72.    The damages allegedly sustained by Plaintiffs, which such damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of Plaintiff, Decedent and/or independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in unforeseeable superseding and intervening causes of Plaintiffs' alleged damages, which thereby relieves these responding Defendants from liability.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

73.    County's employees were working on a federal task force managed by the U.S. Marshal federal task force and therefore acted under color of federal law, not under state law or within course and scope of County employment. Thai v. Cnty. of Los Angeles, 127 F.4th 1254, 1256 (9th Cir. 2025), cert. denied sub nom. Thai v. Los Angeles Cnty., California, No. 25-212, 2025 WL 2906527 (U.S. Oct. 14, 2025); Jakuttis v. Town of Dracut, 95 F.4th 22, 29 (1st Cir. 2024); Yassin v. Weyker, 39 F.4th 1086, 1090 (8th Cir. 2022)

### FIFTY SIXTH AFFIRMATIVE DEFENSE

74.    Because Plaintiffs' FAC is couched in conclusory terms, the Answering Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, County expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, County prays that Plaintiffs take nothing by way of the First Amended Complaint and that County herein recovers its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

///

1  DATED:  January 26, 2026                LYNBERG & WATKINS
2                                          A Professional Corporation
3
                                      By: /s/ Shannon L. Gustafson
4                                          SHANNON L. GUSTAFSON
5                                          AMY R. MARGOLIES
                                           AYAKO W. PETERS
6                                          Attorneys for Defendant, COUNTY OF
                                           SAN BERNARDINO
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## **DEMAND FOR A JURY TRIAL**

PLEASE TAKE NOTICE that Defendant hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED:  January 26, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By:  */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON
AMY R. MARGOLIES
AYAKO K. PETERS**
Attorneys for Defendant, COUNTY OF SAN BERNARDINO

---

**15**
**DEENDANT COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**