ANAHEIM CITY ATTORNEY'S OFFICE
GREGG M. AUDET (SBN 158682)
Email: gaudet@anaheim.net
ANITA K. CLARKE-VALENCIA (SBN 321015)
Email: aclarke@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California  92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendant,
CITY OF ANAHEIM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, deceased; and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO, deceased, <br><br>         Plaintiffs, <br><br>       v. <br><br> CITY OF ANAHEIM, et al., <br><br>         Defendants. | Case No.:    8:25-cv-02401-FWS-ADS <br><br> *Assigned for to: Honorable Fred Slaughter Courtroom 10D; Magistrate Judge Autumn D. Spaeth Courtroom 6B* <br><br> **[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> *Complaint Filed:  September 9, 2025* <br> *Trial Date:        None set* |

1

**STIPULATED PROTECTIVE ORDER**

## I.   PURPOSES AND LIMITATIONS

A.   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.   GOOD CAUSE STATEMENT

A.   This action will involve confidential and sensitive information regarding Plaintiff, Defendants (several of whom are peace officers), anticipated additional defendants, and other members of the public who made calls for service to the City of Anaheim, County of San Bernardino, and the State of California, in connection with the incident at issue which arose during a U. S. Marshall federal task force operation. It is anticipated records will be sought concerning their personnel files which will contain private information.  Further, records in this case will contain addresses, phone numbers, and other personal identifying information of the parties and members of the public that would necessitate significant redactions if a protective order is not granted. Further, this case concerns an officer

**STIPULATED PROTECTIVE ORDER**

involved shooting which may include crime-scene photographs or photographs of medical procedures that should not be disseminated to the public because they could cause the jury pool to be tainted, unnecessarily violate the privacy rights of the decedent or parties, or whose disclosure may violate state or federal law.

Accordingly, to streamline discovery, expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a Protective Order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.    DEFINITIONS

A.    <u>Action</u>:  *Luis Delgadillo, et al. v. City of Anaheim, et al.*, 8:25-cv-02401-FWS-ADS

B.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

3

**STIPULATED PROTECTIVE ORDER**

E.    Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.    House Counsel:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing

exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O.    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.    SCOPE

A.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.    Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.    DURATION

A.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.    DESIGNATING PROTECTED MATERIAL

**STIPULATED PROTECTIVE ORDER**

A.    Exercise of Restraint and Care in Designating Material for
Protection

1.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.    Manner and Timing of Designations

1.    Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.    Designation in conformity with this Order requires the following:

6

**STIPULATED PROTECTIVE ORDER**

1        a.     For information in documentary form (e.g., paper or

2    electronic documents, but excluding transcripts of

3    depositions or other pretrial or trial proceedings), that the

4    Producing Party affix at a minimum, the legend

5    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL

6    legend"), to each page that contains protected material.  If

7    only a portion or portions of the material on a page qualifies

8    for protection, the Producing Party also must clearly identify

9    the protected portion(s) (e.g., by making appropriate

10    markings in the margins).

11        b.     A Party or Non-Party that makes original documents

12    available for inspection need not designate them for

13    protection until after the inspecting Party has indicated which

14    documents it would like copied and produced.  During the

15    inspection and before the designation, all of the material

16    made available for inspection shall be deemed

17    "CONFIDENTIAL."  After the inspecting Party has

18    identified the documents it wants copied and produced, the

19    Producing Party must determine which documents, or

20    portions thereof, qualify for protection under this Order.

21    Then, before producing the specified documents, the

22    Producing Party must affix the "CONFIDENTIAL legend"

23    to each page that contains Protected Material.  If only a

24    portion or portions of the material on a page qualifies for

25    protection, the Producing Party also must clearly identify the

26    protected portion(s) (e.g., by making appropriate markings in

27    the margins).

28

7

**STIPULATED PROTECTIVE ORDER**

c.     For testimony given in a deposition or other pretrial proceeding, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition or proceeding, all protected testimony.

d.     For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.     Inadvertent Failure to Designate

1.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VII.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.     Timing of Challenges

1.     Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. However, any challenge must be made and resolved no later than the close of discovery, as stated in the operative Scheduling Order, or 60 days after the date of the production of such Protected Material, whichever is later.

B.     Meet and Confer

**STIPULATED PROTECTIVE ORDER**

1          1.      The Challenging Party shall initiate the dispute resolution

2                  process under Local Rule 37.1 et seq.

3    C.    The burden of persuasion in any such challenge proceeding shall be

4          on the Designating Party.  Frivolous challenges, and those made for

5          an improper purpose (e.g., to harass or impose unnecessary

6          expenses and burdens on other parties) may expose the Challenging

7          Party to sanctions.  Unless the Designating Party has waived or

8          withdrawn the confidentiality designation, all parties shall continue

9          to afford the material in question the level of protection to which it

10         is entitled under the Producing Party's designation until the Court

11         rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

13   A.    Basic Principles

14         1.      A Receiving Party may use Protected Material that is

15         disclosed or produced by another Party or by a Non-Party in

16         connection with this Action only for prosecuting, defending, or

17         attempting to settle this Action.  Such Protected Material may be

18         disclosed only to the categories of persons and under the conditions

19         described in this Order.  When the Action has been terminated, a

20         Receiving Party must comply with the provisions of Section XIV

21         below.

22         2.      Protected Material must be stored and maintained by a

23         Receiving Party at a location and in a secure manner that ensures

24         that access is limited to the persons authorized under this Order.

25   B.    Disclosure of "CONFIDENTIAL" Information or Items

26         1.      Unless otherwise ordered by the Court or permitted in writing

27         by the Designating Party, a Receiving Party may disclose any

28         information or item designated "CONFIDENTIAL" only to:

9

**STIPULATED PROTECTIVE ORDER**

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters, stenographers, and their staff;

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless

10

**STIPULATED PROTECTIVE ORDER**

otherwise agreed by the Designating Party or ordered by the
Court.  Pages of transcribed deposition testimony or exhibits
to depositions that reveal Protected Material may be
separately bound by the court reporter and may not be
disclosed to anyone except as permitted under this Stipulated
Protective Order; and

i.    Any mediator or settlement officer, and their
supporting personnel, mutually agreed upon by any of the
parties engaged in settlement discussions.

## IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.    If a Party is served with a subpoena or a court order issued in other
litigation that compels disclosure of any information or items designated in
this Action as "CONFIDENTIAL," that Party must:

1.    Promptly notify in writing the Designating Party.  Such
notification shall include a copy of the subpoena or court order;

2.    Promptly notify in writing the party who caused the subpoena
or order to issue in the other litigation that some or all of the
material covered by the subpoena or order is subject to this
Protective Order.  Such notification shall include a copy of this
Stipulated Protective Order; and

3.    Cooperate with respect to all reasonable procedures sought to
be pursued by the Designating Party whose Protected Material may
be affected.

B.    If the Designating Party timely seeks a protective order, the Party
served with the subpoena or court order shall not produce any information
designated in this action as "CONFIDENTIAL" before a determination by
the Court from which the subpoena or order issued, unless the Party has

obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    Make the information requested available for inspection by the Non-Party, if requested.

C.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the

12

**STIPULATED PROTECTIVE ORDER**

Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE    PROTECTED MATERIAL**

A.    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

13

**STIPULATED PROTECTIVE ORDER**

communication or information covered by the attorney-client privilege or

work product protection, the parties may incorporate their agreement in the

Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

A.  Right to Further Relief

1.  Nothing in this Order abridges the right of any person to seek
its modification by the Court in the future.

B.  Right to Assert Other Objections

1.  By stipulating to the entry of this Protective Order, no Party
waives any right it otherwise would have to object to disclosing or
producing any information or item on any ground not addressed in
this Stipulated Protective Order.  Similarly, no Party waives any
right to object on any ground to use in evidence of any of the
material covered by this Protective Order.

C.  Filing Protected Material

1.  A Party that seeks to file under seal any Protected Material
must comply with Civil Local Rule 79-5.  Protected Material may
only be filed under seal pursuant to a court order authorizing the
sealing of the specific Protected Material at issue.  If a Party's
request to file Protected Material under seal is denied by the Court,
then the Receiving Party may file the information in the public
record unless otherwise instructed by the Court.

## XIV. FINAL DISPOSITION

A.  After the final disposition of this Action, as defined in Section V,
within sixty (60) days of a written request by the Designating Party, each
Receiving Party must return all Protected Material to the Producing Party
or destroy such material.  As used in this subdivision, "all Protected
Material" includes all copies, abstracts, compilations, summaries, and any

14
**STIPULATED PROTECTIVE ORDER**

other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**STIPULATED PROTECTIVE ORDER**

1 Dated: February 23, 2026  LAW OFFICES OF DALE K. GALIPO

2

3          By: _____*/s/ Hang Le*_____

4            Hang D. Le
            Dale K. Galipo

5            Attorneys for Plaintiffs
            LUIS DELGADILLO, individually and

6            as successor in interest to VICTOR

7            DELGADILLO, deceased; and
            MELISSA HERNANDEZ, individually

8            and as successor in interest to VICTOR

9            DELGADILLO, deceased

10 Dated: January 27 , 2026  LYNBERG & WATKINS

11

12          By: _*/s/ Amy R. Margolies*_____

13            Shannon L. Gustafon
            Amy R. Margolies

14            Ayako K. Peters

15            Attorneys for Defendant
            COUNTY OF SAN BERNARDINO

16

17 Dated: January 27, 2026  OFFICE OF ATTORNEY GENERAL

18

19          By: _*/s/ Diana Esquivel*_____

20            Diana Esquivel
            Deputy Attorney General

21            *Attorneys for Defendant State of Cal., by*

22            *and through the Cal. Dept. of*
            *Corrections and Rehabilitation*

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

Dated: January 27, 2026          ROBERT FABELA, CITY ATTORNEY


                                 By:  _/s/ Anita K. Clarke_____
                                      Anita K. Clarke-Valencia
                                      Deputy City Attorney
                                      Attorneys for Defendant
                                      CITY OF ANAHEIM


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated:  February 24, 2026          _____/s/ Autumn D. Spaeth_____
                                   HONORABLE AUTUMN D. SPAETH
                                   United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER**

## EXHIBIT A

## ACKNWLEDGEMENT AND AGREEMENT OT BE BOUND

I, _____[print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Luis Delgadillo, et al. v. City of Anaheim, et al.*, 8:25-cv-02401-FWS-ADS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint [print or type full name] of_____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:

City and State where sworn and signed:


Printed name:


Signature:

18

**STIPULATED PROTECTIVE ORDER**

1    I certify that all parties to this document have consented and authorized the

2  undersigned to affix their electronic signatures to its filing and to the language

3  contained herein.

4

5

6  Dated: February 23, 2026          ROBERT FABELA, CITY ATTORNEY

7

8                                    By: _____ */s/ Anita K. Clarke*_____
                                          Anita K. Clarke-Valencia
9                                         Deputy City Attorney
                                          Attorneys for Defendant
10                                        CITY OF ANAHEIM

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**