UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LUIS DELGADILLO, *et al.*, | Case No. 8:25-cv-02401-FWS-ADS |
| *Plaintiffs*, | **DECLARATION OF ZAKARIYA K. VARSHOVI** |
| v. | |
| CITY OF ANAHEIM, *et al.*, | |
| *Defendants*. | |

1

I, Zakariya K. Varshovi, declare and state as follows:

1.    I am an Assistant United States Attorney for the United States Attorney's Office for the Central District of California.  I represent Defendant United States of America as well as individually named Defendants Addi Garcia, Jason Jorski, and Sylvia Ruiz (collectively, Defendants) in this action.  The facts below are based on my personal knowledge of the facts and circumstances set forth in this Declaration and my review of the official files and records of the United States Attorney's Office for the Central District of California.

2.    On April 21, 2026, I held a Local Rule 7-3 conference of counsel with Plaintiffs' counsel Ms. Hang Le regarding Defendants' Motion to Dismiss.

3.    Specifically, I explained to Ms. Le that Defendants will move to dismiss Plaintiffs' § 1983 claims (Claims One, Two, and Five) because Defendants Garcia, Jorski, and Ruiz acted under the color of federal law at all times relevant to the allegations in the First Amended Complaint.  Each were deputized by the U.S. Marshals Service as Special Deputy U.S. Marshals in connection with a U.S. Marshals Service fugitive task force and acted under the supervision and direction of a Deputy U.S. Marshal on August 9, 2024 during the apprehension of Victor Delgadillo.

4.    Additionally, I explained that Defendants will move to dismiss Plaintiffs' *Bivens* claims (Claims Six and Seven) pursuant to the Supreme Court's decision in *Egbert* because such claims arise in a new *Bivens* context and special factors counsel against recognizing a *Bivens* remedy in this case.

5.    Further, I explained that as the United States is now substituted in place of Defendants Garcia, Jorski, and Ruiz as to Plaintiffs' state law tort claims of battery and negligence (Claims Eight and Nine) are, thus, subject to the FTCA's presentment and exhaustion requirements under 28 U.S.C. § 2675(a) and that until Plaintiffs present and exhaust these claims via submission of a tort claim to USMS, such claims lack subject matter jurisdiction and the United States will move to dismiss them.

/ / /

2

6.      Finally, I explained that as with Claims 8 and 9, the United States is now substituted in as to Plaintiffs' Bane Act Claim (Claim Ten) and that the United States has not waived its sovereign immunity under the FTCA to be sued for constitutional violations under the Bane Act,  and even if it had so waived, Plaintiffs neither presented nor exhausted this claim via submission of a tort claim to the USMS prior to filing suit under 28 U.S.C. § 2675(a).

7.      Ms. Le advised that Plaintiff submitted a tort claim to USMS on April 20, 2026.

8.      By the conclusion of the Local Rule 7-3 conference of counsel, Ms. Le did not consent to dismissal of any Plaintiffs' claims.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2026 at Los Angeles, California.

/s/ *Zakariya K. Varshovi*
ZAKARIYA K. VARSHOVI

3