**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, deceased; and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ANAHEIM; COUNTY OF SAN BERNARDINO; STATE OF CALIFORNIA; ADDI GARCIA; JASON JORSKI; SYLVIA RUIZ; and DOES 4-10, inclusive, <br><br> Defendants. | Case No. 8:25-cv-02401-FWS-ADS <br><br> *Hon. Fred W. Slaughter* <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br><br> Date:    June 25, 2026 <br> Time:    10:00 a.m. <br> Crtrm:   10D |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I.    Introduction

This civil rights action arises from the officer-involved shooting death of Victor Delgadillo ("Decedent") August 9, 2024. Law enforcement officers involve in the encounter with Decedent included City of Anaheim police officers, State of California Department of Corrections and Rehabilitation special agents, County of San Bernardino agents/employees, and Deputy U.S. Marshals Plaintiffs are informed and thereon believe that law enforcement officers encountered Decedent in a motel parking and as Decedent was walking backward and away from the officers, one or more officers discharged their Tasers at Decedent, causing Decedent to fall to the ground. Almost immediately after Decedent fell to the ground, one or more officers discharged their firearms at Decedent, seriously wounding and subsequently killing Decedent.

At the time of the filing of this lawsuit, reports from the media regarding the incident gave conflicting information as to whether local law enforcement officers/agents were acting as part of a joint state-federal task force or were simply assisting Deputy U.S. Marshals in apprehending Decedent and Plaintiffs did not have any additional information regarding the incident. Plaintiffs filed their lawsuit in state court, alleging 42 U.S.C. § 1983 claims, *Bivens* claims, and related state law claims. This case was removed to federal court by Defendant City of Anaheim on the basis that this Court has original jurisdiction of Plaintiffs' claims brought under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment and supplemental jurisdiction of Plaintiffs' state law claims. (*See* Doc. No. 1 at 2). Plaintiffs then filed a First Amended Complaint, naming California Department of Rehabilitation and Corrections (CDCR) special agents Addi Garcia, Jason Jorski, and Sylvia Ruiz as individual defendants to this lawsuit. (Doc. No. 15). Thereafter, Defendant United States filed a Notice of Substitution for Defendants Garcia, Jorski, and Ruiz under Plaintiffs' state law claims, certifying that the individual defendants were acting

-2-

within the course and scope of their employment with the United States at the time of the incident. (Doc. No. 45).

Defendants United States, Garcia, Jorski, and Ruiz now brings a Motion to Dismiss. Based on Defendant United States' certification that Defendants Garcia, Jorski, and Ruiz were acting within the course and scope of their employment with the United States at the time of the incident and affidavits filed in conjunction with Defendants' Motion, Plaintiffs concede that Defendants Garcia, Jorski, and Ruiz were acting under color of federal law and should be dismissed from Plaintiffs' Section 1983 claims. However, for the reasons stated herein, Plaintiffs oppose the remainder of Defendants' Motion.

## II. An Excessive Force Claim Against (Special) Deputy U.S. Marshals is Not a New *Bivens* Context

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1999), the Supreme Court held that the petitioner could bring federal claims against Federal Bureau of Narcotics agents for unreasonable search and seizure and excessive force under the Fourth Amendment. 403 U.S. at 389, 391-95. More recently, the Supreme Court has been reluctant to extend *Bivens* liability to create new causes of action. *Hernandez v. Meza*, 598 U.S. 93, 102 (2020); *Correctional Services Corp. v. Malesko*, 543 U.S. 61, 68 (2001). To determine whether a plaintiff may proceed with a *Bivens* claim, the Supreme Court articulated a two-part test. *See Ziglar v. Abbasi*, 582 U.S. 120, 139-140 (2017). "First, courts must determine whether the plaintiff is seeking a *Bivens* remedy in a new context. If the answer to this question is "no," then no further analysis is required. If the answer is "yes," then the court must determine whether "special factors counsel hesitation." *Lanuza v. Love*, 899 F.3d 1019, 1023 (9th Cir. 2018).

Contrary to Defendants' claims, Deputy U.S. Marshals are not a new category of defendants in this circuit. The Ninth Circuit has previously allowed Fourth Amendment *Bivens* claims against Deputy U.S. Marshals in *Harris v. Roderick*, 126

F.3d 1189 (9th Cir. 1997). 126 F.3d at 1192, 1194; *cf. Kennedy v. Massachusetts*, 643 F. Supp. 3d 253, 258 (D. Mass. 2022) (FBI agents were not a new category of defendants because First Circuit precedent allowed *Bivens* claims against FBI agents for Fourth Amendment violations); *Osny Sorto-vasquez Kidd v. Mayorkas*, No. 2:20-CV-03512-ODW (JPRX), 2021 WL 1612087, at *11–12 (C.D. Cal. Apr. 26, 2021), *adhered to sub nom. Kidd v. Mayorkas*, 645 F. Supp. 3d 961 (C.D. Cal. 2022) (Fourth Amendment claim against ICE agents did not present a "new context" because the Ninth Circuit had allowed *Bivens* claims against immigration enforcement officers in the past).

Additionally, this case does not meaningfully differ from *Bivens*, which involved rank and file federal officers using excessive force to carry out the arrest of a criminal suspect. *See Bivens*, 403 U.S. at 389. This case also involved rank and file Deputy U.S. Marshals and Special Deputy U.S. Marshals using excessive force to effectuate the arrest of Victor Delgadillo. While Plaintiffs acknowledge that there exist distinctions between Deputy U.S. Marshals (and Special Deputy U.S. Marshals) and the Federal Bureau of Narcotics officers in *Bivens*, including the agency they work for and the statutory mandate they operate under, several courts have held that such granular distinctions do not meaningfully distinguish *Bivens* from the cases at issue. *See, e.g., Payne v. Brown*, No. 3:25-CV-00825-NJR, 2026 WL 251728, at *4–6 (S.D. Ill. Jan. 30, 2026) (finding no meaningful distinction between local law enforcement deputized U.S. Marshal and *Bivens* officers despite different agencies and statutory mandates); *Aska v. Yingling*, 734 F. Supp. 3d 792, 796–97 (N.D. Ill. 2024) (no meaningfully distinction between Deputy U.S. Marshals and *Bivens* officers despite Deputy U.S. Marshals operating under a different statutory mandate because the duties unique to U.S. Marshal did not affect the defendant officer's actions at issue in the case and both the case and *Bivens* involved arresting agents effecting the arrest of a criminal suspect); *Deavers v. Martin*, 629 F. Supp. 3d 389, 394, 402 (S.D.W. Va. 2022) (*Bivens* action against members of a U.S. Marshal joint

task force that included local law enforcement deputized by Marshals Service was not a new *Bivens* context because both sought "redress for alleged unreasonable search and seizure committed by federal officers in executing an arrest"); *cf. Hicks v. Ferreyra*, 64 F.4th 156, 167 (*Bivens* claim against United States Park Police officers for unlawful seizure did not present a new *Bivens* context because "a *Bivens* remedy remains available to address violations of the Fourth Amendment…by line officers performing routine criminal law enforcement duties.").

The fact that Defendants are Special Deputy U.S. Marshals rather than Deputy U.S. Marshals is also not a meaningful distinction. The district court for the Southern District of Illinois in *Payne v. Brown* was confronted with this issue and its reasoning in rejecting argument that Special Deputy U.S. Marshals are a "new category" of defendants is persuasive. The district court found that there was no meaningful distinction between regular Deputy U.S. Marshals and task force officers for the purposes of *Bivens* because state and local law enforcement officers who participate in a joint task force "are federally deputized to perform the functions of a full-fledged Deputy United States Marshal" and "are deemed federal employees for the purpose of the Federal Tort Claims Act." 2026 WL 251728, at *5. Additionally, the district court recognized that "Congress did not create any such [new] category as "task force officer" and "it is no usurpation of Congress's role to recognize a *Bivens* remedy where it was already assumed to exist." *Id.* Lastly, the district court found that to hold otherwise would be to place these task officers in a constitutional "no man's land" because they would not be subject to liability under section 1983 despite being local law enforcement because they are acting under the scope of their federal employment, effectively immunizing specially deputized officers from constitutional claims. *Id.* at 6.

Accordingly, Plaintiffs' *Bivens* claims against Defendants Jorski, Ruiz, and Garcia do not present new *Bivens* context and should not be dismissed.

### III. Plaintiff's State Law Claims Should Be Stayed Pending the Resolution of Plaintiffs' FTCA Administrative Claims

> The FTCA waives the sovereign immunity of the United States for actions in tort and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees. [] However, the Act further provides that before an individual can file an action *against the United States* in district court, he must seek an administrative resolution of his claim.

*Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (cleaned up; emphasis in original) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir.1992)). Defendants argue, citing *McNeil v. United States*, 508 U.S. 106 (1993) that Plaintiffs' state law claims must be dismissed for lack of subject matter jurisdiction because Plaintiffs have not exhausted their FTCA administrative remedies.

But the Ninth Circuit has found that where an action was initially filed without invoking jurisdiction under FTCA, *McNeil* does not control. In *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242 (9th Cir. 2017), the plaintiff initially filed his suit in state court and at the time was not aware that one of the defendants was an employee of the United States, similar to the procedural circumstances of this case. 858 F.3d at 1246. Because of this, the Ninth Circuit found that the plaintiff "did not institute an action 'upon claim against the United States' before exhausting his administrative remedies when he first filed suit" and thus, *McNeil* did not control. *Id.* In *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011), the Ninth Circuit also held that *McNeil* did not control the outcome where the plaintiff initially filed in federal court alleging claims under 42 U.S.C. § 1983 and *Bivens*, because he did not invoke the federal court's jurisdiction under the FTCA when he initially filed suit. 656 F.3d at 856.

The Ninth Circuit has stated that where a plaintiff initiates suit against the United States before exhausting FTCA administrative remedies, the plaintiff may ask the district court to stay litigation so that the plaintiff can attempt to exhaust such

-6-

remedies while litigation is pending. *See Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1258 (9th Cir. 2008) (dismissal against federal officials in their official capacities was proper because plaintiff did not exhaust her FTCA administrative remedies "before she filed her complaint, and she didn't ask the district court to stay litigation so she could attempt to do it while the litigation was pending"); *Valdez-Lopez*, 656 F.3d at 856 ("we have stated that where a plaintiff filed suit before exhausting administrative remedies, she might have saved her FTCA claim by 'ask[ing] the district court to stay the litigation so she could attempt to [exhaust] while the litigation was pending").

Here, Plaintiffs acknowledge that Plaintiffs did not file an FTCA claim with the U.S. Marshals service before the initiation of this lawsuit in state court. However, Plaintiffs also did not invoke jurisdiction under the FTCA when the lawsuit was initially filed nor when the lawsuit was then removed to federal court by the City of Anaheim. The FTCA only recently came into play when the United States substituted in for Defendants Jorski, Ruiz, and Garcia under Plaintiffs' state law claims, certifying that Defendants Garcia, Jorski, and Ruiz was acting within the course and scope of their employment with the United States at the time of the incident. (*See* Doc. No. 45). Accordingly, *McNeil* does not control and does not require the Court to dismiss Plaintiffs' state law claims against the United States at this stage. As Defendants acknowledge, Plaintiffs submitted FTCA claims on April 20, 2026. (Defs. Mot. at 13). Pursuant to *Ibrahim* and *Valdez-Lopez*, Plaintiffs respectfully request that the Court stay Plaintiffs' negligence and battery claims against the United States while Plaintiffs attempt to exhaust their administrative remedies.

Should the Court find that the Court must dismiss the United States from Plaintiffs' state law claims, Plaintiffs respectfully request that the Court continue the Last Day to Hear Motion to Amend Pleadings/Add Parties from **August 6, 2026** to **December 10, 2026** to provide Plaintiffs sufficient time to attempt to exhaust their administrative remedies and allow Plaintiffs the opportunity to amend their operative

complaint to name the United States as the proper defendants under Plaintiffs' state law claims after Plaintiffs have done so. *See Valdez-Lopez*, 656 F.3d at 856 ("There is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted."); *Junio*, 858 F.3d at 1246 (permitting amendment adding exhausted FTCA claim where the plaintiff originally filed non-FTCA claims in state court and the lawsuit was removed to federal court because one defendant was an employee of the United States).

## IV.   Plaintiffs Have a Cognizable Bane Act Claim Against the United States for Violations of the California Constitution

"California Civil Code Section 52.1, the Bane Act, authorizes a claim for relief against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." *Plascencia v. United States*, No. EDCV 17-02515 JGB (SPX), 2018 WL 6133713, at *11 (C.D. Cal. May 25, 2018) (cleaned up). While Plaintiffs concede that the United States has sovereign immunity and cannot be sued under the Bane Act for *federal* constitutional violations, several courts have recognized that Bane Act claims are cognizable against the United States for *state* constitutional violations. *See Peralta v. United States*, 475 F. Supp. 1086, 1098 (C.D. Cal. 2020); *Lofton v. United States*, No. 2:23-CV-09088-SPG-AS, 2025 WL 3514087, at *7 (C.D. Cal. Dec. 3, 2025) (recognizing that Bane Act claims are cognizable under the FTCA so long as they are not solely premised upon federal constitutional violations); *Plascencia v. United States*, No. EDCV 17-02515 JGB (SPX), 2018 WL 6133713, at *13 (C.D. Cal. May 25, 2018) (denying dismissal of Bane Act claim premised on violations of plaintiff's rights under California Constitution).

Here, Plaintiffs do not base their Bane Act claim solely on violations of the United States Constitution. Indeed, Plaintiffs merely allege that Defendants interfered

-8-

with Decedent's "civil rights," to be free from unreasonable searches and seizures and to due process and equal protection under the law, and to life, liberty, and property. (*See* Doc. No. 15 at 39). Such rights are guaranteed by the California Constitution, Article 1, Sections 7 and 13. Accordingly, Plaintiffs have stated a cognizable Bane Act claim against the United States. Should the Court find the pleadings too vague to support a Bane Act claim for violations under the California Constitution, Plaintiffs respectfully request leave to amend to specify such rights.

## V.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendants' Motion as it relates to Plaintiffs' *Bivens* claims and state law claims.

DATED:  June 4, 2026                LAW OFFICES OF DALE K. GALIPO


By _____*/s/ Hang D. Le*_____
    Dale K. Galipo
    Hang D. Le
    Attorneys for Plaintiffs
    MELISSA HERNANDEZ AND LUIS
    DELGADILLO

## **Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs Luis Delgadillo and Melissa Hernandez, certifies that this memorandum contains 2,468 words, which complies with the 7,000 word limit of L.R. 11-6.1.

DATED: June 4, 2026                    LAW OFFICES OF DALE K. GALIPO


                                       By _____ */s/ Hang D. Le* _____
                                          Dale K. Galipo
                                          Hang D. Le
                                          Attorneys for Plaintiffs