TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litig. Section
ZAKARIYA K. VARSHOVI (Cal. Bar No. 349731)
Assistant United States Attorney
    300 North Los Angeles St., Ste. 7516
    Los Angeles, CA 90012
    Telephone: (213) 894-3994
    E-mail: Zakariya.Varshovi@usdoj.gov

*Attorneys for Defendants*
*United States of America,*
*Addi Garcia, Jason Jorski,*
*and Sylvia Ruiz*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LUIS DELGADILLO, *et al.*, <br><br>      *Plaintiffs*, <br><br>      v. <br><br> CITY OF ANAHEIM, *et al.*, <br><br>      *Defendants*. | Case No. 8:25-cv-02401-FWS-ADS <br><br> **DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS** <br><br> **Hearing** <br> Date:       June 25, 2026 <br> Time:      10:00 a.m. <br> Courtroom:  10D <br><br> Hon. Fred W. Slaughter <br> U.S. District Judge |

**INTRODUCTION**

While Plaintiffs concede that Defendants Garcia, Jorski, and Ruiz acted under the color of federal law and are dismissing their § 1983 claims, they do—*and cannot*—show their remaining claims should withstand dismissal.  For the reasons below, the Court should dismiss Plaintiffs' remaining claims against the United States and Defendants Garcia, Jorski, and Ruiz.

*First*, Plaintiffs' *Bivens* claims must be dismissed under the Supreme Court's decision *Egbert*.  Contrary to their assertions, Plaintiffs' claims arise in a new *Bivens* context (a warranted arrest of a fugitive), against new *Bivens* defendants (USMS fugitive task force members), and special factors (numerous alternative remedial structures) counsel against recognizing a *Bivens* remedy in this case.

*Next*, Plaintiffs admit did not exhaust their battery and negligence claims, both of which are subject to the Federal Tort Claims Act's (the FTCA's) presentment and exhaustion requirements.  Even so, citing inapposite caselaw, they urge this Court to stay their claims until they are properly exhausted.  This approach would defeat the very purpose of exhaustion.  Plaintiffs' unexhausted claims lack subject matter jurisdiction and should be dismissed, not stayed.

*Finally*, Plaintiffs assert that their Bane Act claim is premised on state, not federal constitutional violations and should, thus, withstand dismissal.  But that is no answer.  The FTCA waives the United States' sovereign immunity only to the extent that a private person would be liable.  As the California Supreme Court has made clear only the government and its agents are liable under the Bane Act for violations of a person's constitutional rights.  This claim should be dismissed, too.

Accordingly, the Court should dismiss Plaintiffs' claims against the United States and Defendants Garcia, Jorski, and Ruiz.

**LEGAL STANDARD**

***Dismissal under Rule 12(b)(1).***  Under Rule 12(b)(1), a complaint must allege facts sufficient to establish subject matter jurisdiction, and in its review, the Court may consider

"evidence outside the pleadings," *Gordon v. United States*, 739 F. App'x 408, 411 (9th Cir. 2018), including "any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

***Dismissal under Rule 12(b)(6).*** Under Rule 12(b)(6), a complaint must state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And while the Court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**ARGUMENT**

### A.    Plaintiffs Cannot State a *Bivens* Claim

Rather than meaningfully confront the United States' caselaw, Plaintiffs rely heavily on decisions outside of the Ninth Circuit. For example, Plaintiffs cite *Aska v. Yingling*, 734 F. Supp. 3d 792, 796 (N.D. Ill. 2024). But that case involved a warrant*less* search by Deputy U.S. Marshals. *Id.* at 794. Here, unlike *Aska* and *Bivens* itself, Delgadillo's arrest was not warrantless. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971); Branch Decl. ¶ 3, Exh. A (warrant for Delgadillo's arrest). At the same time, Plaintiffs fail to confront the Circuit-level authority finding that Special Deputy U.S. Marshals in this context are a new category of *Bivens* defendants. *See, e.g.*, *Robinson v. Sauls*, 102 F.4th 1337, 1344 (11th Cir. 2024) ("[o]fficers participating in a USMS joint task force are a new category of defendants."); *Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1358 (10th Cir. 2024) ("agents of the USMS are a new category of defendant"). Nor do Plaintiffs address the United States' arguments that special factors counsel hesitation.

Ultimately, the Supreme Court cautioned that "[i]f there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)). Because many such reasons exist, Plaintiffs' *Bivens* claims should be dismissed.

/ / /

3

## II.     Plaintiffs' Claims Against the United States Must Be Dismissed

Plaintiffs have asserted battery and negligence claims as well as a Bane Act claim against the United States.  As detailed below, all three claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

### A.     Plaintiffs' Battery and Negligence Claims Must Be Dismissed for Failure to Exhaust

Plaintiffs admit did not exhaust their battery and negligence claims, both of which are subject to the Federal Tort Claims Act's (the FTCA's) presentment and exhaustion requirements.  Nevertheless, they urge this Court to stay their claims until they are properly exhausted.  Such an approach would defeat the very purpose of exhaustion.  Plaintiffs' unexhausted claims lack subject matter jurisdiction and should be dismissed, not stayed.

In support, Plaintiffs rely on *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242 (9th Cir. 2017) and *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011).  But neither lend it support.  Each case involved adding via amendment *exhausted* claims which were <u>un</u>exhausted at the time of suit.  *See, e.g.*, *Vassilev*, 858 F.3d 1242, 1246 (9th Cir. 2017) (explaining that in *Valadez-Lopez* "the plaintiff filed suit in federal court … against parties other than the United States," and "[s]eparately, the plaintiff filed an administrative claim under the FTCA.  After six months elapsed without a response from the agency, the plaintiff amended his complaint to add an FTCA claim against the United States"); *Parra v. United States*, 2017 WL 5635030, at *4 (C.D. Cal. June 29, 2017) ("in *Vassilev*, the Ninth Circuit concluded that a district court erred in dismissing for lack of subject-matter jurisdiction where a plaintiff had administratively exhausted the FTCA claim *by the time the action was properly removed* to the federal district court.") (emphasis in original) (citing *Vassilev*, 858 F.3d at 1247).  Here, Plaintiffs—by their admission—did not file a tort claim at the time they filed suit.  Thus, such claims are unexhausted and must be dismissed, not stayed.

Accordingly, the Court should dismiss Plaintiffs' battery and negligence claims for lack of subject matter jurisdiction and without leave to amend.

**B.     Plaintiffs' Bane Act Claim Must Be Dismissed**

Plaintiffs assert that they "do not base their Bane Act claim solely on violations of the United States Constitution," but instead base their claim on violations of the California Constitution.  Regardless, it is well settled that under the FTCA, "the United States simply has not rendered itself liable . . . for constitutional tort claims."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994).    Indeed, as courts in this District have held, "the purpose of the FTCA necessitate a finding that neither federal nor state constitutional violations may be the basis of an FTCA claim, even when brought under the Bane Act."  *Blanchard v. County of Los Angeles, et al.*, 2022 WL 17081308, at *3 (C.D. Cal. Aug. 25, 2022); *see also Lewis v. Mossbrooks*, 788 F. App'x 455, 460 (9th Cir. 2019) ("The district court lacked subject matter jurisdiction over Lewis' Bane Act claim.  The FTCA waives sovereign immunity only where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred.  Based on the terms of that waiver, *F.D.I.C. v. Meyer*, established that the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.") (internal citations and quotations omitted);

Nor does Plaintiffs' attempt to narrow their Bane Act claim to violations of the California Constitution preclude dismissal.   The FTCA waives the United States' sovereign immunity only to the extent that a private person would be liable.  *Lewis*, 788 F. App'x at 460 (disallowing Bane Act claim that attempted to "import[] a constitutional violation—the use of excessive force—that could not otherwise be the basis for a claim against a private person").  Thus, the FTCA does not waive the United States' sovereign immunity for the claims Plaintiff raises under the Bane Act because a private person cannot be liable for the violations under the statute.  *See, e.g.*, *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998) ("When [plaintiffs] assert that [private] defendants interfered with [their Fourth Amendment rights against unreasonable search and seizure] by directly violating them, they are mistaken: Only the government or its agents can do so."); *Vasquez v. Cty. of Los Angeles*, 594 F. App'x 386, 387 (9th Cir. 2015) ("an excessive force claim under the Bane Act requires state action") (internal citation omitted).

And even if the United States waived its sovereign immunity under the FTCA to be sued under the Bane Act (it did not), Plaintiffs neither presented nor exhausted this claim before filing suit, either. Mimoso Decl. ¶ 5; Varshovi Decl. ¶ 7. Thus, as with their battery and negligence claims, this claim lacks subject matter jurisdiction, too, and must be dismissed.

## CONCLUSION

For the forgoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' claims against the United States and Defendants Jorski, Ruiz, and Garcia.

Dated: June 11, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

 /s/ *Zakariya K. Varshovi* [*]
ZAKARIYA K. VARSHOVI
Assistant United States Attorney

*Attorneys for Defendants*
*United States of America,*
*Addi Garcia, Jason Jorski,*
*and Sylvia Ruiz*

---

[*] Pursuant to Local Rule 11-6.1, the filer certifies that this memorandum of points and authorities contains 1,476 words.

6