UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02401-FWS-ADS                                  Date: June 23, 2026
Title: Luis Delgadillo *et al.* v. City of Anaheim *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                 Attorneys Present for Defendants:

Not Present                                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING FEDERAL DEFENDANTS'
MOTION TO DISMISS [50]**

This case arises from the officer-involved shooting death of Victor Delgadillo ("Decedent").  (*See generally* Dkt. 15 ("First Amended Complaint" or "FAC").)  Decedent's parents, Luis Delgadillo and Melissa Hernandez (together, "Plaintiffs") sue in their individual capacities and "in a representative capacity as the successor-in-interest to Decedent pursuant to California Code of Civil Procedure § 377.30."  (FAC ¶¶ 5-6.)  Defendants the United States and Special Deputy U.S. Marshals Addi Garcia, Jason Jorski, and Sylvia Ruiz ("Deputy Defendants" and, together with the United States, the "Federal Defendants") filed a motion to dismiss.  (Dkt. 50 ("Motion" or "Mot.").)  Plaintiffs oppose the Motion.  (Dkt. 51 ("Opposition" or "Opp.").) The Federal Defendants filed a reply in support of the Motion.  (Dkt. 52 ("Reply").)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Accordingly, the **hearing** set for **June 25, 2026**, is **VACATED** and **OFF CALENDAR**.  Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED.**

**I.      Summary of Allegations**

The United States Marshals Service ("USMS") organized a task force that was surveilling Decedent.  (FAC ¶ 24.)  On August 9, 2024, officers on that task force "responded to 1440 N. State College Blvd. in Anaheim, California, following the surveillance of [Decedent] by the U.S. Marshal federal task force."  (*Id.*)  The Deputy Defendants, along with other officers,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02401-FWS-ADS                        Date: June 23, 2026
Title: Luis Delgadillo *et al.* v. City of Anaheim *et al.*

approached Decedent.  (*Id.* ¶¶ 24-25.)  Decedent "began to walk backwards and away" from the Deputy Defendants when "a law enforcement officer from the joint federal task force" tased Decedent which caused Decedent to fall down.  (*Id.*)  Almost "immediately after" Decedent fell down, the Deputy Defendants and other officers "discharged their firearms at Decedent, striking and seriously wounding Decedent several times."  (*Id.*)  Decedent did not pose a threat nor did the Deputy Defendants provide a warning despite it being feasible to do so.  (*Id.* ¶¶ 27-30.)  The Deputy Defendants also "failed to timely summon medical care or permit medical personnel to treat" Decedent.  (*Id.* ¶ 30.)  Decedent died as a result of the gunshot wounds he sustained.  (*Id.* ¶ 30.)

Arising out of this incident, Plaintiffs assert ten claims against a number of law enforcement officers and government entities.  (*Id.* ¶¶ 37–143.)  Relevant to the Motion, Plaintiffs bring claims against the Deputy Defendants (1) under 42 U.S.C. § 1983; (2) under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and for (3) battery; (4) negligence; and (5) violation of the Bane Act, Cal. Civ. Code § 52.1.  (*Id.*)  The United States submitted a notice of substitution attesting that the Deputy Defendants were acting within the course and scope of their employment with the USMS and therefore the United States is the proper defendant with respect to Plaintiffs' claims for battery, negligence, and the Bane Act.

## II.     Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level."  *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*,

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02401-FWS-ADS                         Date: June 23, 2026
Title: Luis Delgadillo *et al.* v. City of Anaheim *et al.*

556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'"  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).  "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)."  *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216).  But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678).  Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

_____

**CIVIL MINUTES – GENERAL**                                              **3**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02401-FWS-ADS                    Date: June 23, 2026
Title: Luis Delgadillo *et al.* v. City of Anaheim *et al.*

_____

Review is limited to the contents of the complaint. All allegations of
material fact are taken as true and construed in the light most favorable
to the nonmoving party. The court need not, however, accept as true
allegations that contradict matters properly subject to judicial notice or
by exhibit. Nor is the court required to accept as true allegations that
are merely conclusory, unwarranted deductions of fact, or unreasonable
inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

## III.    Discussion

The Federal Defendants move to dismiss Plaintiffs' claims against the Deputy
Defendants and the United States. The court addresses the arguments relevant to the Deputy
Defendants and then turns to the United States.

### A.    Plaintiffs' Claims Against the Deputy Defendants

The Federal Defendants argue that (1) Plaintiffs' § 1983 claims against the Deputy
Defendants must be dismissed because the Deputy Defendants acted under the color of federal
law at all times relevant to the allegations in the First Amended Complaint and (2) Plaintiffs'
*Bivens* claims must be dismissed because they arise in a new context and present special
circumstances. (Mot. at 8-15.) Plaintiffs concede that the Deputy Defendants were acting
under color of federal law and should be dismissed from Plaintiffs' § 1983 claims. (Opp. at 3.)
The court moves then to *Bivens*.

"Congress has not created a private right of action to redress constitutional violations
committed by federal officers." *Sheikh v. U.S. Dep't of Homeland Sec.*, 106 F.4th 918, 924 (9th
Cir. 2024). Over fifty years ago, however, in *Bivens*, the Supreme Court held that there was an
implied private right of action against a federal agent who violated the Fourth Amendment in
arresting the plaintiff and searching his home. *Id.*, 403 U.S. at 388 – 398. "Within a decade,
the Court extended the implied private right of action to two other contexts: a Fifth Amendment
employment discrimination claim against a congressman . . . and an Eighth Amendment claim
for deliberate indifference to an incarcerated individual's serious medical needs." *Schwartz v.*

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02401-FWS-ADS                    Date: June 23, 2026
Title: Luis Delgadillo *et al.* v. City of Anaheim *et al.*

*Miller*, 153 F.4th 918, 926 (9th Cir. 2025) (citing *see Davis v. Passman*, 442 U.S. 228, 234 (1979); *Carlson v. Green*, 446 U.S. 14, 18 (1980)).  Since then, "the Court has not implied additional causes of action under the Constitution." *Egbert v. Boule*, 596 U.S. 482, 491 (2022)

Now, courts follow a two-step process to determine if a *Bivens* remedy is available.  *See Egbert*, 596 U.S. at 492.  First, the court asks "whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the Court has implied a damages action." *Id.* (cleaned up).  If the case differs meaningfully, then "a *Bivens* remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (quotation marks omitted).  "Even one step-two special factor is sufficient to foreclose courts from extending a *Bivens* remedy in a new context." *Schwartz*, 153 F.4th at 926 (cleaned up).  "Indeed, the second step will resolve against a new *Bivens* remedy in all but the most unusual circumstances because in most every case, Congress is better positioned to provide a damages remedy." *Id.* (cleaned up).  Accordingly, "those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492

On the first step, one way in which a 'new context' arises is "a case that involves a 'new category of defendants'[.]" *Egbert*, 596 U.S. at 492.  Here, the court finds that a USMS federal task force is a new category of defendant and thus presents a new context that differs meaningfully from the three cases in which the Supreme Court has implied a damages action. *See Robinson v. Sauls*, 102 F.4th 1337, 1344 (11th Cir. 2024) ("This case presents a new context because the Supreme Court has never recognized a cause of action for excessive force against officers operating as part of a USMS joint federal and state task force apprehending fugitives."); *Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1358 (10th Cir. 2024) ("[A]gents of the USMS are a new category of defendant.").  Plaintiffs' citation to *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997), does not change this result because that case did not analyze whether a USMS task force presents a new context.  *Id.* at 1195-1205.

Regarding the second step, the court finds that at least three special factors are present here which foreclose the court from recognizing a *Bivens* action in this context.  First, because the USMS has the authority to deputize officers from other jurisdictions, "[c]hilling participation in joint task forces is therefore a potential cost of expanding *Bivens* to Deputy U.S.

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02401-FWS-ADS                                    Date: June 23, 2026
Title: Luis Delgadillo *et al.* v. City of Anaheim *et al.*

Marshals." *Logsdon*, 91 F.4th at 1358. Moreover, the USMS has an internal grievance procedure to regulate misconduct, and that "alternative remedial structure" is "reason enough to limit the power of the judiciary to infer a new *Bivens* cause of action." *Egbert*, 596 U.S. at 495; *see Logsdon*, 91 F.4th at 1359–60 ("Here, as several other courts have already held since *Egbert*, the internal USMS grievance procedure and the Department of Justice's Office of the Inspector General (OIG) investigation procedure are adequate alternative remedies.") (collecting cases). Third, "although Congress has more than once enacted legislation governing these fugitive-apprehension task forces, *see* 34 U.S.C. §§ 20989, 41503(a), it has created no private right of action against task force members who commit constitutional violations. This congressional silence further counsels against creating a *Bivens* cause of action for money damages in this context." *Robinson*, 102 F.4th at 1346. Plaintiffs do not address the United States' arguments regarding the special factors analysis. (*See* Opp. at 4-5.)

For the above reasons, and considering the Supreme Court's caution that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity,'" *Egbert*, 596 U.S. at 491, the court finds that Plaintiffs do not adequately state a claim under *Bivens*.

### B.    Claims against the United States

The Federal Defendants argue that (1) "Plaintiffs' battery and negligence claims are subject to the Federal Tort Claims Act's (the FTCA's) presentment and exhaustion requirements under 28 U.S.C. § 2675(a). But Plaintiffs did not exhaust these claims via submission of a tort claim to the United States before filing suit. Thus, such claims lack subject matter jurisdiction and must be dismissed" and (2) "[t]he United States has not waived its sovereign immunity under the FTCA to be sued under the Bane Act. And even if it had so waived, Plaintiffs neither presented nor exhausted this claim via submission of a tort claim to the United States before filing suit. Thus, this claim lack[s] subject matter jurisdiction and must be dismissed, too." (Mot. at 2.) The court takes each argument in turn

### 1.  Battery and Negligence Claims Against the United States

The FTCA "waives the sovereign immunity of the United States for actions in tort" and "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States,* 966 F.2d 517, 518 (9th Cir.

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02401-FWS-ADS                          Date: June 23, 2026
Title: Luis Delgadillo *et al.* v. City of Anaheim *et al.*

_____

1992).  "However, the Act further provides that before an individual can file an action against the United States in district court, [he] must seek an administrative resolution of [his] claim." *Id.* (emphasis added) (citing 28 U.S.C. § 2675(a)).  More specifically, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  "The requirement of an administrative claim is jurisdictional." *Brady v. United States,* 211 F.3d 499, 502 (9th Cir. 2000) (citing *Cadwalder v. United States,* 45 F.3d 297, 300 (9th Cir. 1995)).  "Because the requirement is jurisdictional, it 'must be strictly adhered to.  This is particularly so since the FTCA waives sovereign immunity.  Any such waiver must be strictly construed in favor of the United States.' " *Id.* (quoting *Jerves,* 966 F.2d at 521).

In this case, "Plaintiffs acknowledge that Plaintiffs did not file an FTCA claim with the U.S. Marshals service before the initiation of this lawsuit in state court[,]" but rather submitted FTCA claims to USMS on April 20, 2026.  (Opp. at 7.)  Plaintiffs request that the court stay Plaintiffs' negligence and battery claims while Plaintiffs exhaust their administrative remedies or, in the alternative, to "continue the Last Day to Hear Motion to Amend Pleadings/Add Parties from August 6, 2026 to December 10, 2026 to provide Plaintiffs sufficient time to attempt to exhaust their administrative remedies." (*Id.*)  The court finds that Plaintiffs make an insufficient showing that their negligence and battery claims should be stayed rather than dismissed.  However, the court grants Plaintiffs' request to amend the court's scheduling order so that Plaintiffs may make a motion to amend their complaint if and when they have exhausted their administrative remedies. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011) ("There is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted.").

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02401-FWS-ADS                    Date: June 23, 2026
Title: Luis Delgadillo *et al.* v. City of Anaheim *et al.*
_____

### 2. Bane Act Claim Against the United States

Plaintiffs' Bane Act claim seeks relief for alleged violations of Decedent's constitutional rights.  (*See* FAC ¶ 133 (alleging that the Deputy Defendants "interfered with Decedent's civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property").)  Although the FTCA "waives the sovereign immunity of the United States for actions in tort[,]" *Jerves,* 966 F.2d at 518, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994).  Here, "Plaintiffs concede that the United States has sovereign immunity and cannot be sued under the Bane Act for federal constitutional violations," but argue that "several courts have recognized that Bane Act claims are cognizable against the United States for state constitutional violations" and that the court should do so here.  (Opp. at 8.)

"[T]he Ninth Circuit has yet to address whether Bane Act claims based on *state* constitutional violations are cognizable under the FTCA, and district courts are split as to whether such claims are barred."  *Boules v. Doe 4*, 2025 WL 2074489, at *4 & n.3 (C.D. Cal. June 16, 2025) (collecting cases).  The court is persuaded, however, by the analyses of recent district courts that have found that "permitting a plaintiff to sue the United States for a violation of a state constitutional provision, rather than a federal constitutional provision, would create the same result the statute intended to prevent – holding the United States liable for a constitutional tort."  *Blanchard v. Cnty. of Los Angeles*, 2022 WL 17081308, at *3 (C.D. Cal. Aug. 25, 2022); *see Boules*, 2025 WL 2074489, at *4 (crediting the reasoning of *Blanchard*); *Est. of Munoz v. United States*, 2024 WL 584430, at *3 (S.D. Cal. Feb. 13, 2024) (same); *Agro Dynamics, LLC v. United States*, 692 F. Supp. 3d 1003, 1022 (S.D. Cal. 2023) ("The Court agrees with Federal Defendants that it would be odd to prohibit federal constitutional torts against the United States but allow state constitutional tort claims to go forward.").  Accordingly, because the court finds that the United State has not waived its sovereign immunity for state constitutional torts, Plaintiffs' claims under the Bane Act fail.

_____
**CIVIL MINUTES – GENERAL**                                    **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02401-FWS-ADS                    Date: June 23, 2026
Title: Luis Delgadillo *et al.* v. City of Anaheim *et al.*

## IV.   Disposition

For the reasons stated above, the court **GRANTS** the Motion.  Plaintiffs' claims against the Deputy Defendants under 42 U.S.C. § 1983 and under *Bivens* are **DISMISSED.**  Plaintiffs' claims against the United States for battery, negligence, and violation of the Bane Act are **DISMISSED.**  As stated above, the court will issue a revised scheduling order extending Plaintiffs' time to seek leave to amend their First Amended Complaint.

Out of an abundance of caution, the court **GRANTS** Plaintiffs leave to amend their claims to address the deficiencies identified in this order.  *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.") (citation omitted).  Any amended complaint must be filed by **July 7, 2026**.  Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of the Federal Defendants from this case with prejudice.  *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted.").