ANAHEIM CITY ATTORNEY'S OFFICE
ANITA K. CLARKE-VALENCIA (SBN 321015)
Email: aclarke@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California  92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendant,
CITY OF ANAHEIM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, deceased; and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ANAHEIM; COUNTY OF SAN BERNARDINO; STATE OF CALIFORNIA; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.:    8:25-cv-02401-FWS-ADS <br><br> *Assigned for to: Honorable Fred Slaughter Courtroom 10D; Magistrate Judge Autumn D. Spaeth Courtroom 6B* <br><br> **DEFENDANT CITY OF ANAHEIM'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT; JURY DEMAND** <br><br> *Complaint Filed:   September 9, 2025* <br> *Trial Date:        None set* |

///

///

///

///

///

///

///

///

1
DEFENDANT CITY OF ANAHEIM'S ANSWER TO SECOND AMENDED COMPLAINT

**COMES NOW**, Defendant CITY OF ANAHEIM (hereinafter "Anaheim"), in answering Plaintiffs LUIS DELGADILLO and MELISSA HERNANDEZ, individually and as successors in interest to VICTOR DELGADILLO (hereinafter "Plaintiffs") Second Amended Complaint ("SAC") on file herein, for themselves alone and for no other Defendant, admit, deny, and allege as follows:

1. In answering paragraph 1, Anaheim admits Plaintiffs brought this lawsuit seeking compensatory and punitive damages from Defendants for constitutional violations involving an officer-involved shooting but denies there were any constitutional violations committed by Anaheim and denies Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Anaheim.

2. In answering paragraphs 2 and 3, Anaheim admits this Court has jurisdiction over Plaintiffs' claims and venue is proper but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action.

3. In answering paragraphs 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 31, 32, 33, 35, 36 Anaheim lacks sufficient information or belief to enable it to answer said paragraphs at this time, further the Doe Defendants have not been named, and on that basis Anaheim denies each and every allegation contained therein.

4. In answering paragraph 7, Anaheim admits that the City of Anaheim is a municipal corporation in the State of California and that the Anaheim Police Department ("APD") is a department within the City of Anaheim. Anaheim denies the remainder of this paragraph.

5. In answering paragraph 34, Anaheim admits on or about February 4, 2025, that it received the tort claims submitted by Plaintiffs and denies the remainder of the paragraph.

6. In answering paragraphs 25, 26, 27, 28, 29, 30, 58, 59, 60, 61, 62, 66,

DEFENDANT CITY OF ANAHEIM'S ANSWER TO SECOND AMENDED COMPLAINT

67, 72, 74, 75, 76, 77, 79, 113, 122, 123, 132, 137, 138, 143 of the SAC, Defendant denies generally and specifically each and every allegation contained therein.

7.   In answering paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, 63, 64, 65, 68, 69, 71, 73, 78, 80, 81, 82, 84, 85, 86, 87, 88, 89, 90, 109, 110, 111, 112, 114, 115, 119, 120, 124, 127, 128, 130, 131, 134, 135, 136, 139, 144, 145, Anaheim does not have sufficient information or belief to enable it to respond to the allegations, certain allegations are not alleged against Anaheim, and the Doe Defendants have not been named.

8.   In answering paragraphs 23, 37, 47, 57, 70, 83, 91, 101, 109, 121, 129 Anaheim reiterates and incorporates by reference its answers to those paragraphs previously contained in this answer.

9.   Paragraphs 92, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 104, 105, 106, 107, 108, 116, 117, 118, 125, 126, 133, 140, 141, 142 are not alleged against Anaheim or Anaheim Doe Defendants, nor are the Doe Defendants named, Anaheim does not have sufficient information or belief to enable it to respond to the allegations.

10.   As to Plaintiffs' "Prayer for Relief," Anaheim denies Plaintiffs and/or Decedent may recover damages in any amount or sum, or at all, by reason of any act or omission of Anaheim, and further deny that Plaintiffs or Decedent are entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

11.   Plaintiffs' Second Amended Complaint fails to state facts sufficient to constitute a cause of action against the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

12.   Anaheim alleges that Plaintiffs' action is barred by reason of conduct,

actions and inactions of Decedent which amounts to and constitutes a waiver of any right Plaintiffs may or might have had in reference to the matters and things alleged in the SAC, or that otherwise estop Plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13.     Plaintiffs' claims are barred or limited to the extent Plaintiffs failed to mitigate Plaintiffs' injuries or damages, if there were any.  Plaintiffs have failed to mitigate the damages, if any, which Plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### FOURTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Liability)

14.     Plaintiffs' claims are barred or limited by Plaintiffs' and/or Decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any Plaintiffs suffered any injury or damages, it was the result of Plaintiffs' own negligent or deliberate actions or omissions.

15.     Plaintiffs' recovery is barred because any injury or damage suffered by Plaintiffs was caused solely by reason of the Plaintiffs' and/or Decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge of their duties.  The conduct set forth in the SAC, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering Defendant on account of such conduct.

///

///

DEFENDANT CITY OF ANAHEIM'S ANSWER TO SECOND AMENDED
COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Others' Torts)

16.     Plaintiffs' recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person.  Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

17.     The answering Defendant is informed and believes and thereon alleges that if Plaintiffs sustained any injury or damages, such injury or damages was solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering Defendant.  To the extent that Plaintiffs' damages were so caused, any recovery by Plaintiffs as against the answering Defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

## SIXTH AFFIRMATIVE DEFENSE

### (Tort Claims Act Violation)

18.     This action is barred by the Plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

19.     The SAC is barred based on Plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit.

20.     Plaintiffs' recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

21.     Plaintiffs' recovery is barred because the causes of action stated in the SAC do not correspond with the legal claims asserted in Plaintiffs' written claim.  The SAC thereby alleges legal bases for recovery which are not fairly reflected in the written claim.

///

DEFENDANT CITY OF ANAHEIM'S ANSWER TO SECOND AMENDED COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Employee Immunity for Discretionary Acts)

22.     There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

23.     Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

24.     A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821, and 821.2.  Based thereon, the answering defendant is immune from liability for any injuries claimed by Plaintiffs, herein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Public Entity Immunity)

25.     Anaheim is immune for any detriment resulting from any of their actions or omissions at the time of the incident of which Plaintiffs complain pursuant to Government Code § 810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

///

DEFENDANT CITY OF ANAHEIM'S ANSWER TO SECOND AMENDED COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

26.    To the extent that the SAC attempts to predicate liability upon any public entity defendant or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin*, 25 Cal. App. 3d 933, 935, 936 (1972), *rev'd on other grounds by Sullivan v. County of Los Angeles*, 12 Cal.3d 710 (1974); and by the lack of any duty running to any plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

27.    Anaheim may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong*, 37 Cal.2d 356, 378-379 (1951); *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 645-646 (9th Cir. 1991); *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

28.    At the time and place referred to in the sAC, and before such event, Decedent knew, appreciated, and understood each and every risk involved in placing himself in the position which Decedent then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

///

7

DEFENDANT CITY OF ANAHEIM'S ANSWER TO SECOND AMENDED COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

29. The present action is not brought or maintained in good faith, and this Defendant consequently prays an award of all reasonable defense costs, including attorney's fees pursuant to Fed. R. Civ. P. 11 and 42 U.S.C. §1988.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

30. The answering Defendant acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Decedent/Plaintiffs, or any duties owed to Plaintiffs/Decedent.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

31. Plaintiffs fail to state a cause of action against Anaheim for punitive damages in that punitive damages are not available against a public entity.

## FOURTEENTH AFFIRMATIVE DEFENSE

32. The answering Defendant has never taken any action with a conscious disregard of Plaintiffs' or Decedent's rights, and has not engaged in any conduct with respect to Plaintiffs or Decedent which would constitute deliberate or intentional conduct, nor has the answering Defendant ratified or approved any such act or acts of others.

## FIFTEENTH AFFIRMATIVE DEFENSE

33. The requisite policy, practice, custom, or usage and/or failure to train to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

34. Anaheim's training was adequate to handle the usual and recurring situations facing its officers and employees and was therefore not deliberately

8

DEFENDANT CITY OF ANAHEIM'S ANSWER TO SECOND AMENDED COMPLAINT

indifferent to Plaintiffs' constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

35.     Some of Plaintiffs' claims are barred because the alleged constitutional violations were not ordered by a policy maker for Anaheim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

36.     Some of Plaintiffs' claims are barred by the principles expressed in *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002), requiring personal participation for liability under 42 U.S.C. § 1983.

## NINETEENTH AFFIRMATIVE DEFENSE

37.     The force used, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

## TWENTIETH AFFIRMATIVE DEFENSE

38.     Because Plaintiffs' Second Amended Complaint is couched in conclusory terms, the Answering Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, Anaheim expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Anaheim prays that Plaintiffs take nothing by way of the Second Amended Complaint and that Anaheim herein recovers its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

Dated: July 21, 2026                    ROBERT FABELA, CITY ATTORNEY


By:  */s/ Anita K. Clarke*
　　　　　Anita K. Clarke-Valencia
　　　　　Deputy City Attorney
　　　　　Attorneys for Defendant
　　　　　CITY OF ANAHEIM

9
DEFENDANT CITY OF ANAHEIM'S ANSWER TO SECOND AMENDED COMPLAINT

# **DEMAND FOR A JURY TRIAL**

PLEASE TAKE NOTICE that Anaheim hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. P. 38.

Dated: July 21, 2026          ROBERT FABELA, CITY ATTORNEY

By: _/s/ Anita K. Clarke_
       Anita K. Clarke-Valencia
       Deputy City Attorney
       Attorneys for Defendant
       CITY OF ANAHEIM

DEFENDANT CITY OF ANAHEIM'S ANSWER TO SECOND AMENDED COMPLAINT