ANAHEIM CITY ATTORNEY'S OFFICE
ANITA K. CLARKE-VALENCIA (SBN 321015)
Email: aclarke@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants,
CITY OF ANAHEIM and MICHAEL LEE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS DELGADILLO, individually and as successor in interest to VICTOR DELGADILLO, deceased; and MELISSA HERNANDEZ, individually and as successor in interest to VICTOR DELGADILLO, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM; STATE OF CALIFORNIA; MICHAEL LEE; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:25-cv-02401-FWS-ADS<br><br>*Assigned for to: Honorable Fred Slaughter Courtroom 10D; Magistrate Judge Autumn D. Spaeth Courtroom 6B*<br><br>**DEFENDANT MICHAEL LEE'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT; JURY DEMAND**<br><br>*Complaint Filed: September 9, 2025*<br>*Trial Date: None set* |

///

///

///

///

///

///

///

///

**COMES NOW**, Defendant MICHAEL LEE (hereinafter "Lee"), in answering Plaintiffs LUIS DELGADILLO and MELISSA HERNANDEZ, individually and as successors in interest to VICTOR DELGADILLO (hereinafter "Plaintiffs") Third Amended Complaint ("TAC") on file herein, for themselves alone and for no other Defendant, admit, deny, and allege as follows:

1. In answering paragraph 1, Lee admits Plaintiffs brought this lawsuit seeking compensatory and punitive damages from Defendants for constitutional violations involving an officer-involved shooting of Victor Delgadillo but denies there were any constitutional violations committed by Lee and denies Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Lee.

2. In answering paragraphs 2 and 3, Lee admits this Court has jurisdiction over Plaintiffs' claims and venue is proper but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action.

3. In answering paragraphs 4, 5, 6, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 23, 28, 29, 30, and 32, Lee lacks sufficient information or belief to enable it to answer said paragraphs at this time, further the Doe Defendants have not been named, and on that basis Lee denies each and every allegation contained therein.

4. In answering paragraph 7, Lee admits that the City of Anaheim is a municipal corporation in the State of California and that the Anaheim Police Department ("APD") is a department within the City of Anaheim. Lee admits that at all relevant times, City of Anaheim was the employer of Lee. Lee denies the remainder of this paragraph.

5. In answering paragraph 10, Lee admits that at all relevant times, Defendant Michael Lee was a police officer for APD who was acting within the course and scope of his duty as a police officer for APD, but denies the remainder.

6. In answering paragraph 31, Lee admits on or about February 4, 2025,

that Anaheim received the tort claims submitted by Plaintiffs and denies the remainder of the paragraph.

7. In answering paragraphs 22, 24, 25, 26, 27, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 76, 77, 78, 79, 80, 81, 87, 88, 89, 91, 95, 96, 97, 105, 106, 107, 108, 109, 110, 111, and 114 of the TAC, Lee denies generally and specifically each and every allegation contained therein.

8. In answering paragraphs 51, 52, 82, 84, 85, 86, 90, 92, 93, 98, 99, 100, 101, 103, 104, 112, 113, 115, and 116 of the TAC, Lee does not have sufficient information or belief to enable him to respond to the allegations, certain allegations are not alleged against him, and the Doe Defendants have not been named.

9. In answering paragraphs 20, 33, 43, 53, 63, 75, 83, 94, and 102 of the TAC, Lee reiterates and incorporates by reference its answers to those paragraphs previously contained in this answer.

10. In answering paragraphs 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, and 74, Lee provides no response as these allegations are not being asserted against this answering Defendant.

11. As to Plaintiffs' "Prayer for Relief," Lee denies Plaintiffs and/or Decedent may recover damages in any amount or sum, or at all, by reason of any act or omission of Lee, and further denies that Plaintiffs or Decedent are entitled to any recovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' Third Amended Complaint fails to state facts sufficient to constitute a cause of action against the answering Defendant.

///

///

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Unclean Hands)**

2. Lee alleges that Plaintiffs' action is barred by reason of conduct, actions and inactions of Decedent which amounts to and constitutes a waiver of any right Plaintiffs may or might have had in reference to the matters and things alleged in the TAC, or that otherwise estop Plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

3. Plaintiffs' claims are barred or limited to the extent Plaintiffs failed to mitigate Plaintiffs' injuries or damages, if there were any. Plaintiffs have failed to mitigate the damages, if any, which Plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(Contributory and/or Comparative Liability)**

4. Plaintiffs' claims are barred or limited by Plaintiffs' and/or Decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any Plaintiffs suffered any injury or damages, it was the result of Plaintiffs' own negligent or deliberate actions or omissions.

5. Plaintiffs' recovery is barred because any injury or damage suffered by Plaintiffs was caused solely by reason of the Plaintiffs' and/or Decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge of their duties. The conduct set forth in the TAC, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering Defendant on account of

such conduct.

**FIFTH AFFIRMATIVE DEFENSE**

**(Public Entity/Employee Immunity for Others' Torts)**

6. Plaintiffs’ recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

7. The answering Defendant is informed and believes and thereon alleges that if Plaintiffs sustained any injury or damages, such injury or damages was solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering Defendant. To the extent that Plaintiffs’ damages were so caused, any recovery by Plaintiffs as against the answering Defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

**SIXTH AFFIRMATIVE DEFENSE**

**(Tort Claims Act Violation)**

8. This action is barred by the Plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

9. The TAC is barred based on Plaintiffs’ failure to exhaust administrative remedies prior to filing this lawsuit.

10. Plaintiffs’ recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

11. Plaintiffs’ recovery is barred because the causes of action stated in the TAC do not correspond with the legal claims asserted in Plaintiffs’ written claim. The TAC thereby alleges legal bases for recovery which are not fairly reflected in the written claim.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Employee Immunity for Discretionary Acts)**

12. There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

13. Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

14. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821, and 821.2. Based thereon, the answering defendant is immune from liability for any injuries claimed by Plaintiffs, herein.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity & Good Faith Immunity)**

15. Defendant at all times relevant to this action acted reasonably and prudently under the circumstances. Defendant therefore asserts he had Qualified Immunity from liability to the fullest extent applicable.

16. Defendant is immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate. Defendant is immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate. Defendant is immune from liability under

the Federal Civil Rights Act because their conduct did not violate clearly established rights. Defendant is also immune from liability under the doctrine of Qualified Immunity.

17. At all relevant times, defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

**NINTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

18. At the time and place referred to in the TAC, and before such event, Decedent knew, appreciated, and understood each and every risk involved in placing himself in the position which Decedent then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

**TENTH AFFIRMATIVE DEFENSE**

**(Bad Faith)**

19. The present action is not brought or maintained in good faith, and this Defendant consequently prays an award of all reasonable defense costs, including attorney's fees pursuant to Fed. R. Civ. P. 11 and 42 U.S.C. §1988.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

20. The answering Defendant acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Decedent/Plaintiffs, or any duties owed to Plaintiffs/Decedent.

**TWELFTH AFFIRMATIVE DEFENSE**

21. The answering Defendant has never taken any action with a conscious

disregard of Plaintiffs' or Decedent's rights, and has not engaged in any conduct with respect to Plaintiffs or Decedent which would constitute deliberate or intentional conduct, nor has the answering Defendant ratified or approved any such act or acts of others.

## THIRTEENTH AFFIRMATIVE DEFENSE

22. The force used, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

## FOURTEENTH AFFIRMATIVE DEFENSE

23. APD Officer Michael Lee was acting at the request for assistance and direction of federal agents, therefore acting under federal law.

## FIFTEENTH AFFIRMATIVE DEFENSE

24. Because Plaintiffs' Third Amended Complaint is couched in conclusory terms, the Answering Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, Anaheim expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Anaheim prays that Plaintiffs take nothing by way of the Second Amended Complaint and that Anaheim herein recovers its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

Dated: November 12, 2026 ROBERT FABELA, CITY ATTORNEY

By: */s/ Anita K. Clarke*

Anita K. Clarke-Valencia
Deputy City Attorney
Attorneys for Defendants
CITY OF ANAHEIM and MICHAEL LEE

**DEMAND FOR A JURY TRIAL**

PLEASE TAKE NOTICE that Anaheim hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. P. 38.

Dated: November 12, 2026 ROBERT FABELA, CITY ATTORNEY

By: */s/ Anita K. Clarke*
Anita K. Clarke-Valencia
Deputy City Attorney
Attorneys for Defendants
CITY OF ANAHEIM and MICHAEL LEE